# The State *v.* Harold.

### *Indictment for Assault With Intent to Murder.*

1. *Appeal by State in criminal case; can only be had when statute declared uncontitutional.*—It is only when the act of the Legislature under which an indictment or information is preferred is held to be unconstitutional that the State can take an appeal in criminal cases (Code, § 4315); and, therefore, where the provisions of the charter of a city, which are involved in the trial of a criminal case, are declared unconstitutional, the State can not prosecute an appeal from a judgment in favor of the defendant.

[The State v. Harold.]

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. J. C. RICHARDSON.

The appellant was tried under an indictment charging him with assault with intent to murder. He filed a plea of former conviction, setting out that he had been tried and convicted by the mayor of the town of Brewton for an assault and battery for the same acts and offenses which were charged in the indictment. To this plea of former conviction the State demurred upon the ground that the section of the act creating the charter of the town of Brewton, and conferring power upon the mayor to try certain cases, and under which section the defendant was tried and convicted, was unconstitutional and void. This demurrer was overruled, and upon issue being joined upon the plea of former conviction, there were verdict and judgment for the defendant. From this judgment the State appeals.

CHAS. G. BROWN, Attorney-General, for the State.

No counsel marked as appearing for appellee.

TYSON, J.—This appeal is prosecuted by the State for the purpose of having reviewed the rulings of the circuit court in holding a certain provision of the charter of the city of Brewton constitutional.

The defendant was indicted for an assault with the intent to murder and to this indictment he pleaded former conviction by the mayor of the town of Brewton of an assault and battery included in the offense here charged. The only objection taken to this plea was, that the provision of the charter conferring upon the mayor all the powers and jurisdiction of a justice of the peace and concurrent jurisdiction with the county and circuit courts to try all misdemeanors known to the laws of the State of Alabama, committed within the corporate limits of said town, is unconstitutional. It is when the act of the legislature under which the indictment is preferred is held to be unconstitutional that the solicitor

[Harris v. The State.]

may take an appeal in behalf of the State to this court. Code, § 4315.

It is obvious that this appeal is not within the provisions of the statute, and must be dismissed.

Appeal dismissed.