[Lawson v. The State.]

# Lawson *v.* The State.

*Selling Liquor Without License.*

(Decided May 30, 1907.  44 South. 50.)

1.  *Intoxicating Liquors; Indictment; Sufficiency.*—An indictment for selling liquor without license which alleges in the first count that defendant did sell spirituous, vinous or malt liquors without a license and contrary to law, within Hale county, Alabama, and in the second count that such defendant in such county did sell, give away to, or procure for a certain person, or did aid such person in procuring such person intoxicating liqour, is sufficient.

2.  *Criminal Law; Instructions; Reasonable Doubt.*—A charge requiring a conviction of defendant if the jury believe from all the evidence in the case beyond a reasonable that defendant etc., is faulty for omitting the word, doubt, after the word reasonable.

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

Nim Lawson was convicted of selling liquor without a license, and he appeals. Reversed and remanded.

The indictment in this case contained two counts, as follows: The first that Nim Lawson did, within the county of Hale, in the state of Alabama, sell spirituous, vinous, or malt liquors without a license and contrary to law; second, that Nim Lawson did, within the county of Hale, in the state of Alabama, sell, give away to, or procure for E. R. Britton, or did aid the said E. R. Britton in procuring, vinous, spirituous, or malt liquors, and intoxicating drinks, bitters, or beverages, without a license and contrary to law.

The defendant interposed the following demurrers to the first count: "(1) That it fails to allege when and where the said offense was committed. * * * (3) That it fails to allege to whom the defendant sold or gave away the liquor. (4) Because it is not alleged that

it was within 12 months before the finding of the indict-
ment that the sale was made." To the second count:
"That it fails to allege when and where the said offense
was committed. It does not aver that the offense was
committed within 12 months before the finding of the
indictment. It is alleged in said indictment that de-
fendant did sell, give away to, or procure for Ed. R.
Britton, or did aid the said Ed R. Britton in procuring,
the liquors, without license and contrary to law. Be-
cause the count is repugnant, in that it states the name
to be Ed R. Britton in one place and Ed B. Britton in
another."

The charge referred to in the opinion is as follows:
"If the jury believe from all the evidence in the case
beyond a reasonable that the defendant," etc.

DeGraffinried & Evins, for appellant.—The indict-
ment was defective.—*Lee v. The State,* 41 South. 677;
*Francois v. The State,* 20 Ala. 84; *Brown v. Mayor of
Mobile,* 23 Ala. 725; Cooley's Const. Lim. (5th Ed.) p.
330; *McLaughlin v. The State,* 45 Ind. 338; *Brown v.
The People,* 99 Mich. 232; *People v. Armstead,* 30 Mich.
431; *Chapman v. The People,* 39 Mich. 357; 7 Nev. 153.
The charge was bad for pretermitting the word, doubt.

ALEXANDER M. GARBER, Attorney General, for the
State.—The indictment was sufficient.—*Jones v. The
State,* 34 South. 236; *Noles v. The State,* 24 Ala. 672.

DENSON, J.—The attack made by demurrer on the
form of the indictment has been determined against the
defendant in the case of *Jones v. State,* 136 Ala. 118, 34
South. 236, following and reaffirming the case of *Noles
v. State,* 24 Ala. 672. Appellant's counsel concede this,
and say in their brief that they feel some "trepidation
in presenting by the demurrer a proposition that this

[Booker v. The State.]

court has more than once held unsound." We are satisfied with the reasoning employed in the cases cited, upon which the form of the indictment was approved, and we have not been shown that those cases should be overturned. We therefore hold that the demurrer attacking the form of the indictment was properly overruled.

The case of *Lee v. State*, 147 Ala. 133, 41 South. 677, has decided the principle that a person may not be indicted for one offense and convicted on proof of another and different offense. The case is not in point in support of the demurrer.

The fifth ground of the demurrer to the second count is completely answered by the indictment as copied in the record.

The charge given at the request of the solicitor leaves out the word "doubt," and on this account it is a bad charge, the giving of which must work a reversal of the judgment of conviction.

Reversed and remanded.

Tyson, C. J., and Simpson and Anderson, JJ., concur.