# Grace v. The State.

### *Violating Prohibition Law.*

(Decided June 6, 1911. 56 South. 25.)

1. *Intoxicating Liquors; Offense; Giving Away Liquor.*—Under section 3, Acts 1909, p. 9, the giving away of whisky is an offense.

2. *Same; Indictment; Name of Donee.*—Construing the several related prohibition acts together, it is held that an indictment for giving away whisky in violation of section 3, Acts 1909, p. 9, need not allege the name of the donee.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

William Grace was convicted of violating the prohibition law, and he appeals. Affirmed.

The part of the oral charge excepted to is as follows: "It wouldn't make any difference whether it was his whisky, or whether he got it from somebody else. If he furnished it, it wouldn't make any difference about the money consideration. If Grace got the whisky from somebody else for them, and put it up on the shelf for them, that would be a violation of law, just as much as

if he owned the whisky himself. In other words, the prohibition law prohibits a person from selling whisky, or giving away, or furnishing it or procuring it for a man from another person."

KNOX, ACKER, DIXON & STERNE, for appellant. The prohibition statutes cannot be properly construed to prohibit a mere gift of intoxicants at a place not public. As to the construction of section 3, see *Amos v. The State,* 73 Ala. 498. The words, "furnished at a public place" would be robbed of their significance if the statute were construed to prohibit the furnishing of liquor at any place whatsoever except the home.—*Carson v. The State,* 69 Ala. 235; *Amos v. The State, supra; Reynolds v. The State,* 73 Ala. 3; *Coker v. The State,* 95 Ala. 92; *Maxwell v. The State,* 120 Ala. 376; *Norris v. Town of Oakman,* 138 Ala. 415. For authorities on this question in other jurisdictions see, 27 Neb. 601; 17 A. & E. Enc. of Law, 298 and 346; 78 Ill. 510; 2 L. R. A. 327; 53 N. E. 481; 151 Pa. St. 368; 32 Atl. 52; 143 U. S. 457. The allegation in the indictment will not support a verdict for a gift of liquor.—*B. Ry. v. The City,* 119 Ala. 615; Blashfield Instructions to the Jury, 193. The indictment failed to allege the name or the description of the person to whom the gift was made.—*Francois v. The State,* 20 Ala. 83; *Brown v. Mayer,* 23 Ala. 722; *Starr v. The State,* 25 Ala. 38; *Camp v. The State,* 27 Ala. 53; *Ex parte Howard,* 30 Ala. 43; *Dorman v. The State,* 34 Ala. 216; *Foster v. The State,* 39 Ala. 229; *Dunklin v. The State,* 134 Ala. 197; *Jones v. The State,* 136 Ala. 123.

ROBERT C. BRICKELL, Attorney General, for the State.

[Grace v. The State.]

PELHAM, J.—On the trial of the defendant for a violation of the prohibition laws, defendant reserved an exception to that part of the court's oral charge instructing the jury that giving away whisky was a violation of the law. Under the terms of the prohibition laws, there can be no doubt of the correctness of the court's charge.—Acts 1909, p. 9, § 3. The giving away, or sale, shown by the evidence in this case brings it strictly within the letter and spirit of the prohibited acts intended to be prevented, and the facts utterly repudiate the idea that the case falls within the exception applying to gifts by one at his private residence, as an act of hospitality in ordinary social intercourse. The whisky was delivered, according to the state's witness, in the back yard or shed adjoining a poolroom, the money being paid to the defendant in the poolroom; and the defendant, who denies in toto this act of hospitality, can hardly be fancied by the most imaginative as in the role of a host in his private residence, in ordinary social intercourse, dispensing hospitality.

The contention of defendant that to sustain a conviction or authorize the court to submit the question of a gift to the jury the indictment must allege the name of the person to whom the gift was made is answered by reading the prohibition statutes. These laws, commonly known as the Carmichael act, passed August 9, 1909 (Acts 1909, p. 8), and the Fuller act, passed August 25, 1909 (Acts 1909, p. 63), are companion laws and are to be construed together and when so construed it is clear that the requirements as to the necessary averments to be contained in the indictment, as provided by the Fuller act, § 29½, have reference to the violations of the law as provided by the Carmichael act, § 3, making it unnecessary to aver the person to whom the gift is made. The term "otherwise dispose of" is

specifically deemed by section 31 of the Fuller act to include giving away, and there is no room for the construction so earnestly urged by appellant.

. There was no error in the trial court's giving that part of the oral charge to which exception was reserved, and the case is affirmed.

Affirmed.