# Freeman *v.* The State.

### *Violating Prohibition Law.*

(Decided June 13, 1912. 59 South. 228.)

*Intoxicating Liquors; Indictment; Sufficiency.*—An indictment for selling liquor without license need not name the party to whom the liquor was alleged to have been sold.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

John Freeman was convicted of violating the prohibition law, and he appeals. Affirmed.

G. L. COMER, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was sufficient.—*Mitchell v. The State,* 141 Ala. 90; *Compton v. The State,* 95 Ala. 25.

DE GRAFFENRIED, J.—The indictment in this case charges that the defendant sold spirituous, vinous, or malt liquors without a license and contrary to law. The

13 CA

defendant assigned numerous grounds of demurrer to the indictment, the court overruled the demurrer, there was a trial by jury, and from the judgment of the court, pronounced upon a verdict of guilty as charged in the indictment, accompanied by a fine of $50, the defendant appeals.

The only question presented to us goes to the sufficiency of the indictment. The indictment was not subject to demurrer because it failed to name the party to whom the liquor was sold.—*Jones v. State,* 136 Ala. 118, 34 South. 236; *Grace v. State,* 1 Ala. App. 211, 56 South. 25. Section 7 of the act approved August 9, 1909 (General and Local Acts Special Session 1909, p. 12), which is "an act to promote temperance," etc., declares that the act shall be liberally construed, so as to accomplish the purpose thereof, which is to promote temperance and discourage the use and consumption of prohibited liquors. Giving a *strict* construction to every word in the above indictment, it was plainly sufficient. It may charge more than the law now requires such an indictment to charge, but it plainly charges the defendant with a violation of our present prohibition laws.—Code, § 7353; *Mitchell v. State,* 141 Ala. 90, 37 South. 407; *Olmstead v. State,* 89 Ala. 16, 7 South. 775; *Tonsey v. State,* 151 Ala. 83, 44 South. 183.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.