## Spigener *v.* The State.

### *Violating Prohibition Law.*

(Decided December 15, 1914. 66 South. 986.)

1. *Intoxicating Liquors; Indictment; Form.*—An indictment charging a violation of the prohibition law in the form prescribed by section 29½, Acts 1909, p. 90, is sufficient.

2. *Same; Election.*—Where the indictment charged that defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous or malt liquors, evidence of any of the offenses charged alternatively is admissible, and the state is not required to elect upon which of the charges it will rely for a conviction.

3. *Same; Evidence.*—The provisions of section 29½, Acts 1909, p. 90, are not affected by subsequent legislation regulating the liquor traffic.

4. *Same; Prior Sales.*—Where a witness testified to purchasing whisky from a defendant on this particular occasion under an indictment charging the sale, offer of sale or keeping for sale, he may also testify that he purchased liquors on previous occasions as such testimony tended to support the charge of keeping such liquors for sale contrary to law.

5. *Same.*—One who sent the purchaser for the whisky may also testify that he sent the purchaser on that occasion, that the purchaser went into defendant's yard, and within a short time came back with two bottles of whisky, and that he had sent that purchaser and others to defendant's place on similar errands at other times.

6. *Appeal and Error; Review; Necessity for Objection.*—Assignments of error based on the oral charge of the court will not be considered where there was no exception to the charge.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Ben Spigener was convicted of violating the prohibition law, and he appeals. Affirmed.

FRANK W. LULL, for appellant. Counsel discusses each assignment and insists that there was error, but cites no authority in support of his contention.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. There is no error in the record.—*Allison v. State*, 1 Ala. App. 206.

BROWN, J.—The appellant was indicted at the fall term, 1913, of the circuit court of Elmore county for violation of the prohibition law, and on the 20th of March, 1914, was tried and convicted for the offense; and from that judgment he prosecutes this appeal.

The indictment is in form prescribed by the statute (Acts Sp. Sess. 1909, p. 90, § 29½), charging that the defendant "sold, offered for sale, kept for sale or otherwise disposed of spirituous, vinous or malt liquors contrary to law," and is sufficient.—*Jones v. State*, 136 Ala. 123, 34 South. 236; *Noles v. State*, 24 Ala. 675; *Lawson v. State*, 151 Ala. 95, 44 South. 50.

This same section of the act provides:

"And on the trial under a charge in either form, any act of selling in violation of law, embraced in the charge, may be proved and the charge in each of said forms shall be held to include any device or substitute for any of said liquors."

This act, so far as it prescribes the form of indictment for violation of the prohibition law, and relates to the admission of evidence under such indictment, is not affected by subsequent legislation regulating the sale of intoxicating liquors in this state.—*Allen, et al. v. State*, 181 Ala. 383, 61 South. 912; *Hauser v. State*, 6 Ala. App. 31, 60 South. 549; *Southern Express Co. v. Brickman*, (Sup. Ct.) 65 South. 954.

Under this indictment, any evidence tending to support any of the offenses charged alternatively in the indictment was properly admitted by the court, leaving it to the jury to determine of what offense, if any, the defendant was guilty; and the state was not bound to

elect upon which of the charges it would rely for conviction.—*Allison v. State,* 1 Ala. App. 207, 55 South. 453.

Luke Kendrick, the first witness for the state, testified in substance, that he lived last year in Elmore, and knew the defendant, who also lived in Elmore, on the opposite side of the railroad from witness; that Mr. Hamilton, the section foreman under whom witness worked, sent him to the defendant's for some whisky, and gave him a dollar to pay for it; that he went to the defendant's back door, and that the defendant was in the house when witness got there; that witness knocked on the door, and defendant came out and witness told him that he wanted to get some whisky; that witness gave defendant the money, and defendant went back into the house and brought him two half-pint bottles of "Old Quaker" whisky, and witness carried it to Mr. Hamilton; that this was on a week day while the crew of section hands was at work. Over the objection of the defendant, the court allowed the state to prove by this witness that he had purchased liquor from the defendant on previous occasions, and also subsequent to this time. This evidence had a tendency to support the charge that defendant was keeping liquors for sale contrary to law. On the principles declared above, this ruling of the court was correct.

The state was allowed to prove by the witness Hamilton, the section foreman, that he gave Luke Kendrick some money and sent him after whisky, that he saw Kendrick go into the defendant's back yard, and that he was gone about five minutes, and that he brought back two half-pint bottles of "Old Quaker" whisky; and that he had sent Kendrick there several times on like errands. This evidence, in connection with the testimony

of Kendrick that he purchased the whiskey from the defendant, was properly admitted by the court.

And likewise, the court properly allowed this witness to give evidence tending to show the purchase of whisky by the witness on other occasions within the time covered by the indictment, and that he had sent other persons than Kendrick to the defendant's place for whisky, and that they had returned, bringing the whisky with them. This evidence likewise tended to show the unlawful keeping of liquors for sale, and was all evidence of facts and circumstances tending, in connection with the positive proof of one or more sales by the defendant, to support the averments of the indictment.

We have examined all the other assignments of error predicated on the ruling of the court in the admission of evidence, all being of the character above discussed; and in these several rulings we find no error.

The defendant offered evidence showing that he was in the employ of Cohn & Goldberg Lumber Company, and went to work at 6 o'clock in the morning; that he had been working there two years on the 2d day of July, 1914; that the mill ran regularly; that he was on duty from 6 o'clock in the morning until 6 o'clock at night, having 40 minutes for dinner; and that his duties required him to be at the mill constantly. He also denied his guilt, and offered evidence tending to corroborate his statements with reference to his duties at the mill, and evidence as to his good character. Under this evidence, the question of defendant's guilt was one for the jury.

Some of the assignments of error are predicated on excerpts from the oral charge of the court to the jury; but, as the record shows no exceptions were reserved to the charge, no question is presented for review by these assignments.

[Ellis v. The State.]

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.