(81 South. 356)

STATE v. DODD. (2 Div. 196.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CONSTITUTIONAL LAW ⬅️48 — CONSTITUTIONALITY OF ACT—PRESUMPTIONS.

In pronouncing on the constitutionality of an act of the Legislature, the court must indulge the presumption that the enactment in question is constitutional, if it is reasonably susceptible of a construction that will bring it into harmony with the Constitution.

2. CONSTITUTIONAL LAW ⬅️48 — CONSTRUCTION FAVORING CONSTITUTIONALITY.

A literal interpretation of a statute will not be adopted when such interpretation will defeat the purpose of the statute.

3. TRESPASS ⬅️77 — OFFENSES — CUTTING TIMBER ON LANDS OF ANOTHER—CONSTITUTIONALITY OF STATUTE.

Code 1907, § 7828, makes it a trespass to cut timber on land of another with intent to remove same or appropriate it to the use of the trespasser.

4. INDICTMENT AND INFORMATION ⬅️110(3, 4) —LANGUAGE OF STATUTE.

When a statute creates a new offense and the language of the statute describes its con-

stituent elements, it is sufficient to follow the language of the statute in charging the offense in an indictment, but when the wording of the statute does not embrace all the elements of the offense, it is not sufficient to charge the offense in the language of the statute; Code 1907, § 7134, requiring orderly and concise statement of facts.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Warren Dodd was indicted for trespass. From an order sustaining a demurrer to the indictment, the State appeals. Reversed and remanded.

J. Q. Smith, Atty. Gen., and Horace C. Wilkinson, Asst. Atty. Gen., for the State.
William Cunninghame, of Linden, for appellee.

BROWN, P. J. The defendant was indicted for a violation of the following statute:

"7828. (5607) *Trespass by Cutting Timber on Lands of Another with Intent, etc.*—Any person who knowingly enters upon the land of another and cuts down any wood or timber growing thereon, with intent to remove and appropriate the same to his own use, shall, on conviction, be fined not more than two hundred dollars, and may be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months; and the fine in such case goes to the injured party." Code of 1907, § 7828.

The indictment followed the language of the statute.

The defendant interposed a demurrer to the indictment, assigning as a ground of demurrer "for that the statute (Code 1907, § 7828) is unconstitutional and void, in that it converts into a crime an act which may be lawfully done under a valid contract between the owner of the land and the person entering upon the land of such other, and cutting down wood or lumber growing thereon with the intent to remove and appropriate the same to his own use." The trial court sustained the demurrer and from this order the state prosecuted this appeal. Code 1907, § 6246; State v. Street, 117 Ala. 203, 23 South. 807; State v. Harold, 128 Ala. 39, 29 South. 592.

[1] In pronouncing on the constitutionality of an act of the Legislature, the court necessarily passes judgment on the legality of an act which has received the sanction of a co-ordinate department of the government, and approaches such inquiry with a due sense of its magnitude and solemnity, indulging the presumption that the enactment in question is constitutional until clearly convinced to the contrary. State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 South. 870.

And when a statute assailed as being unconstitutional is reasonably susceptible of a construction that will bring it in harmony with the Constitution, it is the duty of the court to adopt such construction rather than a construction that will render it unconstitutional. State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 South. 441, 686, 135 Am. St. Rep. 79; Standard Oil Co. v. State, 178 Ala. 400, 59 South. 667; 6 R. C. L. pp. 77, 78.

[2] A literal interpretation will not be adopted when such interpretation will defeat the purpose of the statute. Thompson v. State, 20 Ala. 54.

The statute in question originated in an act of the General Assembly approved February 18, 1897, in the following words:

"An act for the better protection of wood and timber.

"Section 1. Be it enacted by the General Assembly of Alabama, that any person who knowingly enters upon the land of another and cuts down any wood or timber growing thereon, with intent to remove and appropriate the same to his own use, shall on conviction be fined not more than two hundred dollars and may be imprisoned in the county jail or sentenced to hard labor for the county for not more than six months, and the fine in such cases to go to the injured party."

Acts 1896–97, p. 1256.

This act was brought forward and codified in the Code of 1896, in article 1 of chapter 198, dealing with criminal trespass, as section 5607, without change in verbiage, and was likewise carried into the Code of 1907, embodied in chapter 300, dealing with criminal trespass.

[3] Applying the rules of interpretation above stated, we have no hesitancy in reaching the conclusion that the legislative intent and purpose was to protect the ownership of growing timber by laying a penalty on those who wrongfully entered upon the land of another and cut timber growing thereon with larcenous intent.

"The inartificial manner in which many of our statutes are framed, the inaptness of expression frequently used, the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the lawgiver." Cocciola et al. v. Wood-Dickerson Supply Co., 136 Ala. 532, 33 South. 856; Graham v. City of Mobile, ante, p. 19, 81 South. 355.

Thus interpreted, the statute embodies a wholesome exercise of legislative authority directed at a prevalent evil and is inoffensive to any provision of the Constitution. Davis v. State, 68 Ala. 58, 44 Am. Rep. 128; Mangan v. State, 76 Ala. 63.

[4] We deem it not improper to say that, while as a general rule, when a statute creates a new offense, and the language of the statute describes its constituent elements, it

is sufficient to follow the language of the statute in charging the offense in the indictment (1 Mayf. Dig. par. 376, p. 442), but when, as here, the wording of the statute does not embrace all the elements of the offense, it is not sufficient to charge the offense in the language of the statute. Anthony v. State, 29 Ala. 27; Turnipseed v. State, 6 Ala. 664; Beasley v. State, 18 Ala. 535. And "the indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition," etc. Code of 1907, § 7134.

The circuit court erred in sustaining the demurrer, and for this error the judgment is reversed, and cause remanded.

Reversed and remanded.