Sanford Napoleon POWELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14654.

United States Court of Appeals Seventh Circuit.

Nov. 5, 1964.

Richard James Stevens, Chicago, Ill., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Petitioner was charged in a two-count indictment with violation of the Federal Narcotics Law. After a jury trial, petitioner was found guilty on both counts. He was sentenced to a term of twenty years on each count, the sentences to run concurrently. Thereafter, he filed two motions for reduction of sentence, each of which was denied. He then filed a motion under Section 2255 of Title 28 U.S.C. This motion was denied and the instant appeal followed.

Count 1 of the indictment charged, in substance, that on a certain date at a place described, Powell (petitioner herein) did knowingly and unlawfully, pur-

chase, sell and distribute .716 grams of a narcotic drug designated as heroin hydrochloride which "was then and there not in the original stamped package or from the original stamped package, in violation of Section 4704(a) of Title 26 of the United States Code."

Count 2 charged, in substance, that at a certain time and place described, Powell did knowingly and fraudulently "receive conceal, buy, sell and facilitate the transportation, concealment and sale of a quantity of a narcotic drug, to-wit: 18 capsules containing .716 grams, more or less, of heroin hydrochloride, after said quantity of heroin hydrochloride had been imported into the United States contrary to law, and knowing said quantity of heroin hydrochloride to have been imported into the United States contrary to law, in violation of Section 174 of Title 21 of the United States Code."

Petitioner's first contention is that the indictment under which he was convicted was defective because of the failure to set forth the name of the person to whom the unlawful sale was made. Petitioner relies principally upon a decision of this Court, Lauer v. United States, 7 Cir., 320 F.2d 187 (1963).

■ Our decision in Lauer has been criticized.[1] However, this decision is the law of this Circuit unless and until this Court (presumably sitting en banc) would determine otherwise or unless higher authority might so determine.

In the Lauer case, the defendant was charged with the unlawful sale of narcotics in violation of Title 26, § 4705(a) which forbids a sale, barter, exchange or gift of narcotic drugs "except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

In Lauer, we distinguished Rivera v. United States, 9 Cir., 318 F.2d 606, which holds that the identity of the purchaser need not be alleged in the indictment where the offense charged is a mere sale of a narcotic drug. In Rivera, the conviction was for selling marijuana in violation of 21 U.S.C. § 176a which prohibits the sale of marijuana with knowledge of its unlawful importation. In Lauer, we said, 320 F.2d 187, 191: "It is the nature of the offense defined by § 4705(a) which brings it within the rationale of Russell,[2] Simmons,[3] and Larkin[4] and requires that the indictment name the purchaser or properly excuse or overcome such omission."

Our decision in Lauer should be limited strictly to indictments brought under Title 26, § 4705(a). In the case at bar, we are concerned with the alleged violation of Title 26, § 4704(a). Decisions in other Circuits have distinguished our decision in Lauer in the manner in which we have indicated. See Robison v. United States, 9 Cir., 329 F.2d 156, 157–158.

In Casias v. United States, 10 Cir., 331 F.2d 570, defendant had entered a plea of guilty to an information charging a violation of Title 26, U.S.C. § 4704(a). In a motion brought under Section 2255, he contended that the information was defective because it did not name the purchaser. The Court of Appeals for the Tenth Circuit, at page 571, stated: "The name of the purchaser is not an element of an offense charged under 26 U.S.C. § 4704(a) and an indictment or information not setting forth the name is not constitutionally defective for such lack and subject to collateral attack."

■ We hold that Count 1 of the indictment in the instant case, charging a violation of Section 4704(a) of Title 26, U.S.Code, is not invalid because the name

1. Clay v. United States, 10 Cir., 326 F.2d 196; Jackson v. United States, 8 Cir., 325 F.2d 477; Taylor v. United States, D.C.W.D.Mo., 224 F.Supp. 82, 84.

2. Russell v. United States, 369 U.S. 749, 764, 766, 82 S.Ct. 1038, 8 L.Ed.2d 240.

3. United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819.

4. Larkin v. United States, 7 Cir., 107 F. 697.

of the person to whom the unlawful sale of narcotics was made, was not stated in the indictment.

The second contention of petitioner is that Count 1 of the indictment is faulty in that it omits a necessary element of the crime charged, i. e., it does not state that the heroin sold was "not from the original stamped package."

■ The critical words used in the indictment were " * * * was then and there not in the original stamped package or from the original stamped package. * * * " We hold the words of the indictment were sufficient to charge a violation of Title 26, § 4704(a).

The third ground relied upon by the petitioner is that Count 2 of the indictment is defective in that it does not charge the sale of narcotic drugs, but charges only the sale of a single narcotic drug, heroin hydrochloride. Petitioner argues that there is nothing in Section 4704(a) which is a prohibition against the sale of a single narcotic drug.

■ We do not think this point is well taken. The plural reference to narcotic drugs is carried throughout Section 4704. It is difficult to believe that Congress would enact a law prohibiting the concealment, buying, selling and facilitating the transportation of narcotics in the plural, but would exempt any such transaction as to a single narcotic drug.

It is significant that petitioner does not cite any decision which supports his argument on this third point. On the other hand, there are innumerable cases in which appellate courts have affirmed convictions on a single sale of a single narcotic drug. It is, of course, true that the precise question raised here was not raised in those cases. The reason, perhaps, was that there was little merit in the contention. We overrule the third ground urged by petitioner.

Mr. Richard James Stevens of the Chicago, Illinois bar represented the petitioner upon this appeal as court-appointed counsel. This Court greatly appreciates the excellent service which Mr. Stevens has rendered, and we express our thanks to him.

The judgment of the District Court denying the motion filed under Title 28, U.S.C. § 2255, is

Affirmed.