Ruben DARIO SANCHEZ, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

Isaac ROBINSON, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

Harold A. RUSSELL, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

Nos. 6376, 6340, 6379.

United States Court of Appeals First Circuit.

Heard Jan. 4, 1965.

Decided Feb. 10, 1965.

No. 6376:

Donald E. Paulson, of Brown, Rudnick, Freed & Gesmer, Boston, Mass., by appointment of the Court, on brief for appellant.

Francisco A. Gil, Jr., U. S. Atty., and Gilberto Gierbolini, Asst. U. S. Atty., on brief for appellee.

No. 6340:

Anthony A. Giannini, Providence. R. I., for appellant.

* Of the Second Circuit, sitting by designation.

**380**

William J. Gearon, Asst. U. S. Atty., with whom Raymond J. Pettine, U. S. Atty., was on brief, for appellee.

No. 6379:

Donald E. Paulson, Boston, Mass., by appointment of the Court, with whom Brown, Rudnick, Freed & Gesmer, Boston, Mass., was on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, and SWEENEY and WYZANSKI, District Judges.

ALDRICH, Chief Judge.

■ These appeals from denials of three petitions under 28 U.S.C. § 2255, coming from three districts, seek to raise one ultimate question as to the sufficiency of the indictments, and may be disposed of in one opinion. We note, without more, that in two cases there are subsidiary questions which might well be determinative against the individual petitioners, but we prefer to reach the ultimate issue.[1] This is whether an indictment charging unlawful transfer of a narcotic or drug without a written order, 26 U.S.C. § 4705(a) or § 4742(a),[2] is fatally defective if it fails to give the name of the transferee.

■■ Petitioners rely upon Lauer v. United States, 7 Cir., 1963, 320 F.2d 187. In that case, arising under section 4705 (a), the court held that although the identity of the transferee was "not an element of the offense," his name was nonetheless an essential part of the indictment because it was "central" to the

prosecution. We gather from the opinion that the court had two considerations in mind: that the name of the transferee was needed in order to prepare a defense, and to show, in case of a subsequent prosecution, the identity of the offense. Except for Lauer we know of no case which requires an indictment to supply with full particularity all that might be needed with respect to either of these matters. The test of an indictment is whether it sufficiently identifies the offense, not whether it might have been more complete. United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. Alternatively, from the standpoint of double jeopardy, resort may be made to parol evidence. See Bartell v. United States, 1913, 227 U.S. 427, 433, 33 S.Ct. 383, 57 L.Ed. 583.

In Russell v. United States, 1962, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, on which the court in Lauer placed substantial reliance, the Supreme Court pointed out, at p. 766, at p. 1048 of 82 S.Ct. that the indictment was so "cryptic" that it would have permitted a "conviction to rest on one point and the affirmance * * * on another." It also noted, at pp. 768–769, 82 S.Ct. 1038, that it could have permitted proof of an act that was not criminal at all. Neither situation prevails in the cases at bar. Each indictment stated all the elements of the offense and gave the date, the city where the transaction occurred. and either the weight, in case of heroin, or the number of cigarettes, in case of marihuana. We align ourselves with those circuits which have declined to follow United States v. Lauer. United States.

---

1. Robinson, petitioner in No. 6340, received a concurrent sentence on a count which he does not claim to be defective in itself. He seeks to extricate himself from this by claiming that the presence of the allegedly defective count prejudiced the jury. Russell, petitioner in No. 6379, pleaded guilty to two other counts, and received concurrent sentences. To avoid the consequence of this he argues that his guilty pleas were induced by verdicts improperly allowed to stand on the defective counts.

2. "§ 4705(a) General requirement.—It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate." Section 4742(a) is materially the same, except that it relates to marihuana.

v. Dickerson, 6 Cir., 1964, 337 F.2d 343; Adams v. United States, 8 Cir., 1964, 333 F.2d 766, cert. den. 1/18/65; Clay v. United States, 10 Cir., 1963, 326 F.2d 196, cert. den. 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed.2d 1050.

In each case judgment will be entered affirming the judgment of the District Court.