255 So.2d 48

**John Ike GRIFFITH**

v.

**STATE.**

**6 Div. 146.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

Rehearing Denied Nov. 2, 1971.

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

Fred Blanton, L. Stephen Wright, Jr., Birmingham, for appellant.

PRICE, Presiding Judge.

The indictment in this case reads:

"The grand jury of said county charge that, before the finding of this indictment, John Ike Griffith unlawfully did assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer subsequent to his disbarment, against the

peace and dignity of the State of Alabama."

Upon conviction the jury assessed a fine of five hundred dollars and the court imposed a sentence at hard labor for Jefferson County as additional punishment.

For present failure to pay the fine and costs or to confess judgment therefor, under § 341, Title 15, Code, the court added 140 days at hard labor to pay the fine and 16 days to pay costs.

§ 31, Title 46, Code of Alabama 1940, provides:

"If any person shall, without having become duly licensed to practice, or whose license shall have expired either by disbarment, failure to pay his license fee within thirty days after the day it becomes due, or otherwise, practice or assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer, he shall be guilty of a misdemeanor and fined not to exceed five hundred dollars, or be imprisoned for a period not to exceed six months, or both."

■ Where the offense is statutory it is sufficient to allege it in the words of the statute, provided it sufficiently defines the crime.

The indictment, not challenged by demurrer or otherwise, is substantially in the words of the statute. The allegation that defendant's conduct occurred subsequent to his disbarment, instead of subsequent to the expiration of his license by disbarment, did not render the indictment void.

■ § 327 of Title 15, Code, provides that where a misdemeanor has been committed, the punishment for which is not particularly specified in the code, sentence may be imposed at hard labor for the county or imprisonment in the county jail, for not more than six months.

Defendant contends it is clear from the hard labor sentence imposed that the proceedings were had under § 42, Title 14, Code, which provides for punishment under said § 327, Title 15, Code, rather than under § 31 of said Title 46, which particularly specifies imprisonment. We do not agree with this contention. The sentence to hard labor is improper, requiring remandment for proper sentence.

■ Appellant argues that the addition of hard labor sentence to pay the fine and costs violates the equal protection clause of the Fourteenth Amendment of the United States' Constitution, relying on Williams. v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26. L.Ed.2d 586. Williams v. Illinois, supra, clearly applies to indigent defendants. There is no proof in this case that this appellant is indigent.

The state's testimony tends to show that John Ike Griffith was disbarred in July of 1967; that he was not licensed to practice law in Alabama in July and August, 1969, nor had he been licensed to practice law any time from July 1, 1967, to date of trial.

■ Mrs. Antoinette Calavas, a resident of Brooklyn, New York, had some correspondence with John Ike Griffith in June and August, 1969, concerning an Alabama divorce from her husband, Nicholas R. Calavas. Some letters, over the signature of defendant, containing details about the prospective divorce, were introduced in evidence.

Mrs. Calavas came to Birmingham on August 7, 1969, and went to defendant's office in the Central Bank Building, Birmingham, on August 8th. In her best judgment defendant's name, with "Attorney at Law," was on the door. She was given a paper to read by a secretary in the outer office. This paper, a document outlining the processing of a divorce case, was introduced into evidence. She saw the defendant in an inner office, where he marked certain papers, put them in an envelope and gave them to her. These exhibits pertained to Alabama divorce decrees. One exhibit was a receipt from defendant for $465.00 to

Mrs. Calavas for a divorce. Mrs. Calavas stated that she was asked to sign and did sign a statement that she personally petitioned the court for a divorce. She did not give the defendant the $465.00, at that time, saying she did not want to leave the money with him until she had the decree. She was informed, either by John Ike Griffith or the secretary in his presence, that she could have the decree Monday, at which time· she could make full payment and leave with the decree in her hand. She returned to defendant's office Monday, August 11th. She did not see John Ike Griffith on that occasion, but talked to the young lady in the outer office, who was the same person she talked to there previously. Mrs. Calavas gave this person $465.00 and received two pieces of paper with gold seals on them. Exhibits 23 and 24 were introduced into evidence. Exhibit 23 is a divorce decree in the case of Antoinette Calavas v. Nicholas R. Calavas, in the Circuit Court, in Equity, St. Clair County, Alabama. Exhibit 24 is a duplicate decree.

Mrs. Calavas further testified the Birmingham Bar Association returned to her half the amount paid to defendant and returned the other half to Nicholas Calavas.

On cross examination Mrs. Calavas testified she first met Mr. Roy W. Scholl, Jr., (identified as Chairman of the Unauthorized Practice of Law Committee of the Alabama Bar Association) the Friday she came to Birmingham. She was unable to locate Mr. Griffith in the yellow pages and placed a call to the Birmingham Bar Association. Upon being informed that Mr. Griffith had been disbarred a call was placed to Mr. Drew Redden (President of the Birmingham Bar). Mr. Scholl was called after she arrived at Mr. Redden's office. This was before she went to Mr. Griffith's office. Mr. Redden or Mr. Scholl requested that she go ahead with the meeting with Mr. Griffith. After she saw Mr. Griffith she spoke again with Mr. Scholl. He told her that the Bar Association had had a meeting and they were willing to reimburse her for the amount of the divorce decree if she would put up the money she had with her to pay for it.

Defendant's exhibit "A," a divorce bill of complaint was signed "Antoinette Calavas," and was not signed by anyone as "Solicitor for Complainant." It is marked "Filed Aug. 8, 1969, St. Clair County, /s/ Ann W. Love, Register."

Defendant's exhibit "B," Deposition of Antoinette Calavas taken before Commissioner on Interrogatories, was signed by Antoinette Calavas, and certified by S. M. Bowman, as Commissioner. It was stipulated by the state and defendant that S. M. Bowman was a secretary in defendant's office.

At the close of the state's testimony in chief defendant moved that the state's evidence be excluded on the ground that it failed to make out a prima facie case against defendant, and moved for a directed verdict on the ground the state's evidence clearly shows a case of entrapment, planned and executed by the Alabama State Bar or the Birmingham Bar Association. The motions were overruled.

Upon consideration of the evidence we find it sufficient to make out a prima facie case against the defendant. The motion to exclude was properly overruled.

██ "'Entrapment' is the inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting criminal prosecution against him." State ex rel. Taylor v. Devore, 134 W.Va. 151, 58 S.E.2d 641; Vol. 14A Words and Phrases, Permanent Edition. See also Johnson v. State, 36 Ala.App. 634, 61 So.2d 867, where the court quoted approvingly from 22 C.J.S. Criminal Law § 45, p. 100, as follows:

"* * * (A) distinction has been drawn between the inducing of an innocent person to do an unlawful act, and the setting of a trap to catch one in the execution of a criminal plan of his own conception, an act of the latter character by an officer not being regarded as against public policy, * * *."

The undisputed evidence in this case is that Mrs. Calavas made a trip to Birmingham after receiving letters from defendant agreeing to represent her in a divorce action. It was after her arrival, when she was unable to find him listed as a practicing lawyer, that she contacted the Bar Association and arrangements were made for her to go through with the divorce action as planned. The circumstances do not show an entrapment. The motion for a directed verdict was properly overruled.

■ When court reconvened the morning of March 17, 1970, defense counsel moved for a mistrial based upon an article appearing in the morning's Birmingham Post Herald. It was alleged that said article recounted the previous day's proceedings and discussed a matter gone into outside the presence of the jury.

There is no showing that the newspaper article was produced, nor was there any evidence presented to support the motion. We are not prepared to hold that the trial court erred in its ruling denying a mistrial.

■ The defendant took the stand and testified in his own behalf. After reciting his educational and teaching background, he stated he was licensed to practice law in Alabama in 1938, and practiced for about thirty years before disbarment proceedings were instituted against him. The Bar Association entered a resolution of disbarment, which was appealed to the Supreme Court of Alabama, and affirmed by that court. An appeal to the United State's Supreme Court was pending during the month of August, 1969, but that court did not hear the petition. The defendant refused to answer any question, or to testify about any exhibits, concerning his alleged representation of Mrs. Calavas, on the ground his answer might tend to incriminate him.

In our opinion the evidence is sufficient to sustain the judgment of conviction. The motion for a new trial was properly overruled.

The fact that an appeal was pending in the Supreme Court of the United States at the time of the alleged activities did not entitle defendant to practice law pending such appeal. Ex parte Alabama State Bar, 285 Ala. 191, 230 So.2d 519.

The judgment is affirmed. The cause is remanded for proper sentence.

Affirmed, but remanded for proper sentence.