287 So.2d 451

**In re David ADKINS**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 345.**

Supreme Court of Alabama.

Nov. 8, 1973.

Rehearing Denied Dec. 6, 1973.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State, petitioner.

**696**

Wade H. Baxley and Alto V. Lee, III, Dothan, for respondent.

MERRILL, Justice.

The sole question in this case is whether the trial court erred in overruling the demurrer to the indictment charging the defendant with selling marijuana, where one of the grounds was that it failed to allege the name of the vendee. The Court of Criminal Appeals held that the trial court did err. We granted certiorari and now hold that the ruling of the trial court was without error.

The indictment charged that the defendant "did sell, furnish, or give away marijuana contrary to law, against the peace and dignity of the State of Alabama." This indictment was in the terms of the statute, Act No. 1407, § 401, Acts of Alabama 1971, and listed in the 1958 Recompilation as Tit. 22, § 258(47)(a), which makes it a crime for "any person who possesses, sells, furnishes, gives away, ob-tains, or attempts to obtain * * *" certain listed "controlled substances" including marijuana.

In Duin v. State, 288 Ala. 329, 260 So. 2d 602, the following appears:

"We quote from Clark v. State, 19 Ala. 552:

" 'It has been repeatedly held by this court, that where a statute creates a new offense, all the law requires is a description of the offense in the indictment in the terms of the statute enacting it.'

"See also Thomas v. State, 156 Ala. 166, 47 So. 257. Anderson, Justice, writing for the court said:

" 'The statute makes the Code form of indictments sufficient in all cases in which said forms are applicable. * * * In statutory offenses, where no form of indictment is given, it is usually sufficient to follow the statute. * * * Mr. Bishop in his work on Statutory Crimes * * * says: 'Follow the Statute.— This rule is specially safe and in most instances sufficient, in various forms of the offense now under consideration. Rarely will the allegations require expansion beyond the statutory terms." '

"Here, the indictment was framed in the words of the statute applying to the alleged sale of marijuana and kindred items mentioned in the statute. The legislature has not prescribed a form for the indictment.

"In view of the statutory allegations in the indictment that substantially follow the language of the statute, we cannot agree with the Court of Criminal Appeals that the indictment, because the name of the vendee was omitted, would not support the judgment of conviction."

In Jackson v. State, 91 Ala. 55, 8 So. 773 (1890), this court, per Coleman, J., (the grandfather of our present Justice Coleman), said:

"The statutes of this state have changed the common-law rules of criminal

pleading, dispensing with many averments which were regarded as indispensable, reducing indictments rather to a statement of legal conclusions than of facts."

Title 15, §§ 230 and 232 (then §§ 4366 and 4368) of the Code were cited and applied. The indictment in that case charged that Jackson "did attempt to feloniously take and carry" etc. This court held the indictment to be sufficient, even though there was no specific form for an "attempt" in the Code.

Title 15, §§ 230 and 232 provide:

"§ 230. The manner of stating the act constituting the offense, as set forth in the forms given in article 7, of this chapter, is sufficient in all cases in which the forms there given are applicable; in other cases, forms may be used as nearly similar as the nature of the case and the rules prescribed in this chapter will permit.

\* \* \* \* \* \*

"§ 232. The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

In Jones v. State, 136 Ala. 118, 34 So. 236, the indictment charged that the defendant "did within the county of Hale, in the State of Alabama, sell spirituous, vinous or malt liquors, without a license and contrary to law." The indictment followed the statute and Form 79 in § 4923, Criminal Code, 1896. A demurrer was interposed on the ground that the indictment failed to allege the name of the vendee. The demurrer was overruled. The defendant contended that it was necessary to name the person to whom the sale was made. This court said:

"\* \* \* This contention proceeds upon the assertion that the statute is unconstitutional—that it is violative of section 7 of the Bill of Rights, Constitution of 1875 (Section 6 of Constitution of 1901), which guarantees to defendant the right 'to demand the nature and cause of the accusation.' \* \* \*"

The court rejected the contention that the statutory form was unconstitutional and stated: "The demurrer was properly overruled."

In Lawson v. State, 151 Ala. 95, 44 So. 50, the defendant interposed a demurrer to the indictment because it failed to allege to whom the defendant sold or gave away the liquor. The court held "that the demurrer attacking the form of the indictment was properly overruled."

In Grace v. State, 1 Ala.App. 211, 56 So. 25, the contention that "the indictment must allege the name of the person to whom the gift was made [was rejected]."

In Freeman v. State, 4 Ala.App. 193, 59 So. 228, the court said: "The only question presented to us goes to the sufficiency of the indictment. The indictment was not subject to demurrer because it failed to name the party to whom the liquor was sold."

In Thomas v. State, 13 Ala.App. 421, 69 So. 413, the court was concerned with an indictment for perjury and the opinion contains the following: "But, as the law does not require that the name of the person to whom liquor has been sold be alleged in an indictment or affidavit charging another person with the selling (citations omitted), certainly it cannot be rationally contended that the law requires such name to be given in an indictment for perjury against one for testifying falsely in such a case as the former."

In Allen v. State, 33 Ala.App. 70, 30 So. 2d 479, the Court of Appeals, per Harwood, J., held an indictment for selling adulterated milk sufficient and said that Counts 1 and 2 which were in the terms of

the statute "adequately informed the accused of the offense he was charged with committing, and the court properly overruled the demurrers thereto."

In Baker v. State, 39 Ala.App. 221, 96 So.2d 821, the indictment charged that the defendant "did unlawfully expose or exhibit his sexual organs or private parts in a vulgar and indecent manner on a public road in Randolph County, Alabama, contrary to law." This followed the statute setting up the offense which is listed as Tit. 14, § 326(1) of the 1958 Recompilation. The court said:

"The complaint and the indictment followed the wording of the statute, supra, and were entirely sufficient to inform the appellant of the offense with which he was charged. The court therefore correctly overruled the demurrers filed to each charging document."

In Griffith v. State, 47 Ala.App. 378, 255 So.2d 48, cert. den. 287 Ala. 735, 255 So. 2d 52, 405 U.S. 1042, 92 S.Ct. 1317, 31 L. Ed.2d 583, the Court of Criminal Appeals upheld an indictment against defendant for practicing law after disbarment which stated neither the name of the client nor the cause in which representation was furnished. The court said: "Where the offense is statutory it is sufficient to allege it in the words of the statute provided it sufficiently defines the crime."

In Young v. State, (Miss.), 245 So.2d 26, the court said:

"The indictment charged that on March 6, 1969, defendant wilfully, unlawfully, and feloniously sold marijuana contrary to the statute. This indictment charged the essentials of the offense. It was not necessary to aver the name of the person who purchased the marijuana."

In People v. Adams, 46 Ill.2d 200, 263 N.E.2d 490, the Supreme Court of Illinois said:

"We consider that it is not necessary that an indictment for the sale of a nar-

cotic drug name the purchaser in order to satisfy this constitutional requirement. Section 3 of the Uniform Narcotic Drug Act (Ill.Rev.Stat.1969, ch. 38, par. 22–3) declares it to be 'unlawful for any person to * * * possess * * * sell * * * any narcotic drug, except as authorized in this Act.' The statute creating the offense makes no reference to the purchaser of the drug and his identity is not an element of the crime. The gravamen of Many Federal courts considering the the offense is the unlawful sale itself. sufficiency of indictments returned under a Federal statute which resembles ours have also concluded that the purchaser of the drug need not be named in the indictment. The Federal statute makes it unlawful for any person 'to sell, barter, exchange, or give away narcotic drugs' except under specified exceptions and circumstances. (26 U.S.C., sec. 4705 (a).) In Clay v. United States (10th cir. 1963), 326 F.2d 196, 199, the court, affirming a conviction based on an indictment which did not include the name of the purchaser, stated: 'The statute makes no provision or requirement with respect to the identity of the person to whom an illegal sale is made and we must therefore conclude * * * that the identity of such person is not an element of the offense.' Too, in Collins v. Markley (7th cir. 1965), 346 F.2d 230, it was held that the purchaser need not be named in an indictment under that statute. See also, Aggers v. United States (8th cir. 1966), 366 F.2d 744; United States v. Jackson (3rd cir. 1965), 344 F.2d 158; Sanchez v. United States (1st cir. 1965), 341 F.2d 379, cert. den. 381 U.S. 940, 85 S.Ct. 1775, 14 L.Ed.2d 704."

In Aggers v. United States, (8th cir.) 366 F.2d 744, the court said:

"Aggers first ground for reversal is thus stated: 'The Court erred in overruling Defendant's Motion to Dismiss the indictment in that it failed to inform the defendant Aggers of the alleged purchaser of the narcotics involved therein.'

Such contention is devoid of merit. While Lauer v. United States, 7 Cir., 320 F.2d 187, lends some support to defendant's position, the Seventh Circuit sitting en banc, in Collins v. Markley, 7 Cir., 346 F.2d 230, determined *Lauer* was wrongly decided. This court has consistently refused to follow *Lauer*. *We have repeatedly held that the naming of the purchaser is not an essential element of a charge of unlawful sale of narcotics such as to make an indictment in which the name is not set out fatally defective.* Cain v. United States, 8 Cir., 349 F.2d 870, 871; Taylor v. United States, 8 Cir., 332 F.2d 918, 920; Jackson v. United States, 8 Cir., 325 F.2d 477, 479." (Emphasis supplied.)

We note that the Seventh Circuit, en banc, as it reversed *Lauer*, stated in *Collins:*

"In Powell v. United States, 7 Cir., 338 F.2d 556, we commented that our decision in Lauer had been criticized by Courts of various other Circuits. We are now informed that the Courts in some twenty-five different cases from six Circuits have considered our decision in Lauer. In none of them has the Lauer decision been approved."

Returning to our own state, we have examined all of the selling forms in the Codes prior to 1940 and the only forms which have required the name of the vendee are those in which an ordinary sale would be legal but the crime was selling to a certain specified class of people, such as a slave, an insane person or a minor.

Title 15, § 259, Code 1940, which contains our forms, includes Form 34—selling prohibited liquors; Form 96—sales by an unregistered dealer; Form 99—selling or conveying mortgaged property; Form 100—selling, removing or concealing personal property covered by a lien and Form 101—selling securities not registered, and in no instance does the form require the name of the vendee.

█ The form of indictment for violating the prohibition laws that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous or malt liquors contrary to law" has stood the test of time and practicability in this state. Literally thousands have been convicted under warrants or indictments following the form. We are not cognizant of any demand on, or movement in, the Legislature to change it through the years. In view of the long history of this type of indictment in Alabama, we continue to hold that it is not necessary to name the vendee of the drugs in the indictment, when the identity of the purchaser is not an element of a crime, the gravamen of which is the unlawful sale.

Finally, we revert to Duin v. State, 288 Ala. 329, 260 So.2d 602. In that case, we pretermitted "a determination as to what effect a demurrer raising omission of the name of the vendee would have had."

█ The instant case posed the question for the first time to the present court concerning an indictment for selling narcotics and we hold that it is not necessary for an indictment for selling narcotics, including the "controlled substances" listed in the statute, to contain the name of the vendee.

The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice (dissenting):

I would affirm the judgment of the Court of Criminal Appeals. I concur in the opinion and the extended opinion on rehearing which the Court of Criminal Appeals filed in this case.

In Alabama we do not have bills of particulars or any discovery procedure in

criminal cases; however, a defendant has a right to know the nature and the cause of the accusation against him in a criminal case. It is established that this is supplied through an indictment or information in felony cases.

It is interesting to observe that the State of Alabama, through the Attorney General's Office, admitted in oral arguments that the defendant was entitled to know the name of the vendee in this case. However, the State of Alabama argued that this court should establish in this case a rule of law which provides the defendant with the right on motion to discover the name of the vendee as a part of "due process." In this case there was no such motion and, therefore, there is no opportunity for this court to give consideration to the alternate approach urged by the State.

Title 15, Section 232, Code of Alabama, 1940, as amended (Recompiled 1958), establishes the requisites of an indictment in general.

"§ 232. Statement of offense.—The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

However, section 230 of the same title provides that the forms prescribed by the Legislature are sufficient where applicable:

"§ 230. Forms in code sufficient.—The manner of stating the act constituting the offense, as set forth in the forms given in article 7, of this chapter, is sufficient in all cases in which the forms there given are applicable; in other cases, forms may be used as near similar as the nature of the case and the rules prescribed in this chapter will permit."

The court has gone to extremes in holding "that when the legislature, either in the body of a statute, or in a furnished form, has declared what shall be sufficient indictment, such legislative direction is controlling, and an indictment following such form will be pronounced good." Smith v. State, 63 Ala. 55 (1879). Thus, if a form is provided by the legislature, the indictment will be held good even though the indictment fails to aver some material element of the offense charged, subject to the constitutional requirement that the accused is to be informed of the nature and cause of the accusation.

"The power of the Legislature to prescribe the form of indictment is part of its general legislative power. Broadly speaking, it is curtailed only by constitutional limitations, such as the right of the accused to be informed of the nature and cause of the accusation, and to have a copy of same. Bill of rights, § 6.

"The indictment must reasonably disclose an offense known to the law in force during the period covered thereby, and reasonably inform the accused of the accusation he is called upon to answer. Subject to these qualifications, statutory forms have from our early jurisprudence been held sufficient, although facts essential to a conviction may be omitted. Noles v. State, 24 Ala. 672, 692; Schwartz v. State, 37 Ala. 460, 466; Doss v. State, ante, 220 Ala. p. 30, 123 So. 231."

Jinright v. State, 220 Ala. 268, 125 So. 606 (1929)

It would appear then that all of the form indictments for selling prohibited liquors, sales by unregistered dealers, etc. which do not purport to name the vendee are sustained under the rationale set out above, that is, since the form meets the basic constitutional requirement, it is sufficient because the legislature says so even though all material elements of the offense, i. e., the buyer, are not set out.

When there is no Code form for an offense, however, this court has taken a different approach. In Smith v. State, 63 Ala. 55 (1879), the defendant was indicted under a Code section for which no form had been provided. The indictment did not contain all the material elements of the offense charged, but did aver every material fact contained in a form for a similar offense, though in different language. In a well reasoned opinion the court concluded:

"We think the only safe rule is to require that, when the indictment is not framed on any form given in the Code, it shall aver every material constituent of the offense; always excepting the statement of venue and of time."

Moreover, even where the indictment substantially follows the language of the statute, if the statute does not prescribe with definiteness the elements of the offense, the indictment is invalid. In Mitchell v. State, 248 Ala. 169, 27 So.2d 36 (1946) this court stated:

"It is conceded by the state that the indictment in the case at bar is drawn pursuant to § 103, Title 14, Code of 1940. There is a line of cases in this state which declares the general rule that an indictment which substantially follows the language of the statute is sufficient. *But it is equally well settled that this rule does not apply when the statute does not prescribe with definiteness the constituents of the offense.* Wester v. State, 147 Ala. 121, 41 So. 969; Collins v. State, 28 Ala.App. 400, 185 So. 779; Doss v. State, 23 Ala.App. 168, 123 So. 237; Id., 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; State v. Dodd, 17 Ala.App. 20, 81 So. 356; Miles v. State, 94 Ala. 106, 11 So. 403." (Emphasis added)

For a summary of cases holding an indictment bad which followed the wording of the statute, see, Gayden v. State, 38 Ala. App. 39, 80 So.2d 495 (1954).

The statute in the instant case does make the selling of marijuana a criminal offense, but does not spell out the elements of the offense. It would seem that the elements would be (1) a seller, (2) the transaction, (3) the prohibited substance, and (4) the party who purchased the substance. The act of selling by its very nature requires these elements as a minimum. There must be a buyer as well as a seller. Since the buyer must be proved, it stands to reason that he should also be named in the indictment just as the other elements of the offense are.

In conclusion it would seem that in Alabama where there is a Code form provided for a selling offense, the identity of the buyer need not be named, even though it is an element of the offense charged and must be proved; this because of this court's position with regard to Code forms. But where there is no Code form Section 232 applies, and every material element of the offense must be averred and proved, and failure to aver a material element of the offense should render the indictment demurrable.

Therefore, I respectfully dissent.