286 So.2d 907

**In re Robert C. JIMMY**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 376.**

Supreme Court of Alabama.

Nov. 8, 1973.

William J. Baxley, Atty. Gen., and Otis J. Goodwyn, Jr., Asst. Atty. Gen., for the State.

Samuel L. Adams, Dothan, for respondent.

MERRILL, Justice.

The sole issue presented is whether an indictment for selling drugs must name the vendee in the sale.

The indictment charged that the defendant "did possess, sell, furnish, or give away Lysergic Acid Diethylamide, contrary to law." He was found guilty and sentenced to five years imprisonment in the penitentiary. The Court of Criminal Appeals reversed for the following reason:

> "The indictment, as pointed out by an appropriate ground of demurrer, omits the name of the vendee. The court overruled the demurrer. This ruling was error. Pettry v. State, 47 Ala.App. 237, 252 So.2d 659."

Based upon the authority of Adkins v. State, 291 Ala. 695, 287 So.2d 451, this day decided, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court.

The *Pettry* case, decided by the Court of Criminal Appeals on May 11, 1971, cited as authority that court's decision in Duin v. State, 260 So.2d 599. Certiorari had been granted in *Duin* and it is a valid assumption that since *Duin* was already before this court, there was no need to petition for certiorari in *Pettry*. We reversed the holding in Duin v. State, 288 Ala. 329, 260 So.2d 602, but specifically pretermitted "a determination as to what effect a demurrer raising omission of the name of the vendee would have had."

In view of our holding in Adkins v. State, 291 Ala. 695, 287 So.2d 451, the case of Pettry v. State, 47 Ala.App. 237, 252 So.2d 659, does not correctly state the law and should not be followed.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

HEFLIN, C. J., dissents.