344 So.2d 538 (1977)
In re James ANDREWS
v.
STATE of Alabama.
Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.
SC 2372.
Supreme Court of Alabama.
April 8, 1977.
William J. Baxley, Atty. Gen., and Linda C. Breland, Asst. Atty. Gen., for the State, petitioner.
No brief for respondent.
BLOODWORTH, Justice.
In denying this writ we state the following with respect to the Court of Criminal Appeals' decision.
We agree that a demurrer is the proper procedure normally to raise defects in an indictment.
We further agree that the defect in the indictment here, i. e., failure to name the officer assaulted, does not make the indictment void but voidable merely and that it was properly raised here by motion to quash filed before trial but after arraignment. Thomas v. State, 277 Ala. 570, 173 So.2d 111 (1965); Ex parte State (In re: Williams v. State) [1977], Ala., 342 So.2d 1328.
WRIT DENIED.
TORBERT, C. J., and FAULKNER, JONES and EMBRY, JJ., concur.
MADDOX, ALMON, SHORES and BEATTY, JJ., dissent.
ALMON, Judge (dissenting):
Andrews was indicted for assaulting a police officer. The police officer was not *539 named in the indictment. After a plea in bar of not guilty, Andrews, pleading specially (by oral motion to quash), attempted to raise the defect in question.
Defects which render an indictment voidable merely and not void have generally been considered to be waived unless properly raised by demurrer. The cases of Thomas v. State and Ex parte State (In re: Williams v. State), supra, cited in the majority opinion, deal with jury venire composition; i. e., systematic exclusion of jurors because of race and age. The underlying considerations for the timeliness of objections to jury composition are different from objections to defects apparent on the face of the indictment. Defects apparent on the face of the indictment are easily noticeable before pleading to the merits is required; whereas, improper jury composition may not be discovered until after arraignment and sometimes involves constitutional questions. Thomas v. State, supra. Therefore, I do not consider the above cases controlling in this instance.
If this indictment is void for due process reasons, as I read the opinion of the Court of Criminal Appeals to hold, then a conflict exists with Adkins v. State, 291 Ala. 695, 287 So.2d 451.
Adkins holds that an indictment charging the sale of marihuana need not allege the vendee even when challenged by demurrer. The Court of Criminal Appeals holds that the assaulted police officer must be named or the indictment is void for due process reasons.
Suppose John Doe is indicted for selling drugs and the indictment does not allege the person to whom the drugs were sold. And suppose further that John Doe had recently made several drug sales at different times to different persons or that he has made no drug sales at all. Is John Doe given sufficient due process notice of what specific conduct forms the basis of the charge against him?
Suppose on the other hand, Richard Roe is indicted for assaulting a police officer and the indictment does not allege the name of the police officer assaulted. And suppose further that Richard Roe has recently assaulted several different police officers at different times or that he has assaulted no one. Which specific conduct or incident should Richard Roe prepare to defend against?
What is the difference between the two examples within the limited context of due process (notice of the charge so that one may prepare a defense)?
I would grant the writ and resolve what I consider to be a conflict in the law.
MADDOX, SHORES and BEATTY, JJ., concur.