FRANCIS HITCHINS, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

It is sufficient, under the statute (Laws 1851, ch. 504), to establish the guilt of the defendant, indicted for permitting gambling in his room or office, to prove that he occasionally knowingly permitted gambling in his office. It is not necessary to prove that he habitually did so, or that gambling there was a principal business.

THE plaintiff was convicted at a Court of Sessions in Niagara county of permitting his office to be used for gambling. Various exceptions to the ruling of the court were taken upon trial; judgment was suspended, and the proceedings were removed into the Supreme Court by *certiorari*. The conviction was by that court affirmed, and the Court of Sessions directed to proceed to judgment. After judgment by the latter court, and affirmance thereof by the Supreme Court, the plaintiff served out a writ of error by which the record was removed into this court. The questions arising upon the exceptions sufficiently appear in the following opinion:

*Farnell & Brazee,* for the plaintiff.

*M. M. Southworth,* for the defendants.

GROVER, J. The counsel for the people insists that the only question that can be reviewed by this court is, whether the judgment pronounced upon the verdict was legal. In this the counsel is mistaken. The argument is based upon the idea that this was the only question reviewed by the Supreme Court upon the affirmance of the judgment. It is a sufficient answer to this that the record fails to show such fact, but shows the contrary. Not only was the judgment rendered, but also the bill of exceptions was before the court upon that occasion, and it was entirely competent for the court to consider and pass upon every question thereby presented. Whether they did or not is immaterial, as the entire

record has been rightly returned to, and is now before this court after the decision of the Supreme Court of the questions presented by the return to the *certiorari ;* if the plaintiff in error desired a review by this court of such questions, the only course that could be taken by him was after judgment was rendered by the Court of Sessions to bring the case again before the Supreme Court, and in case of affirmance of the judgment, then to bring error to this court. Until such affirmance by the Supreme Court this court has no jurisdiction, for the reason, that until such affirmance no final judgment has been rendered in the case by the Supreme Court. No complaint is made but that the judgment rendered upon the verdict was legal. One of the principal questions in the case is, whether the court erred in refusing, at the request of the plaintiff's counsel, to direct the jury to render a verdict of not guilty. Such direction would only have been proper in case there was no evidence tending to show the plaintiff in error guilty of the crime charged, as in such cases only, upon trial of an indictment is it the duty of the judge to give such directions. The statute (Laws of 1851, ch. 504) under which the indictment was found, provides that if any person shall keep a room, etc., to be used or occupied for gambling, or if the owner, etc., of any room or building, etc., shall knowingly permit the same to be used or occupied for gambling, he shall, upon conviction, be punished as prescribed by the statute. The proof showed that upon these several occasions the defendant had permitted property to be gambled for in the room in question; and the proof further tended to show that upon other occasions, to his knowledge and by his permission, games were played in the same room for beer, etc. The counsel for the plaintiff insists that to bring the plaintiff within the provisions of the statute, the room or building must be principally used for gambling; that permitting gambling therein by the owner only occasionally, is not sufficient. In this I think the counsel mistaken. The language of the statute is, "Shall knowingly permit the same to be used or occupied for gambling." The design of the statute was to entirely

prohibit, not to regulate or restrain, excessive gambling, and this is the clear import of the language used. It follows, that the court did not err in refusing the request, as any one of the three acts of gambling for property proved upon the trial, was sufficient to bring the case within the statute. The counsel further requested the court to charge that playing games for beer, cigars, etc., was not gambling within the statute. The court refused, and the counsel excepted. The evidence showed that the plaintiff in error kept these articles for sale, and that upon the termination of the games he furnished and charged them to the loser. The court has nothing to do with the propriety of the statute, its duty simply is to ascertain and declare its meaning. Gambling is prohibited. All will agree that gambling for a barrel of beer or box of cigars is within the statute. It follows that gambling for a gallon or less quantity is equally within it. No exception is made by the statute on account of the smallness of the quantity, or the use to which it is applied by the winner The court were right in denying the request of the counsel. The objection of the plaintiff's counsel upon trial to the proof offered by the district attorney of various acts of gambling in the absence of the defendant, were properly overruled. The district attorney stated that he expected to connect the defendant with these acts. This presented a question of the order of proof which it is well settled is within the discretion of the court, and its exercise not the subject of exception. The question, whether the office was kept for a gambling room was properly overruled. It called for the opinion of the witness. He could only testify to facts. There was evidence tending to show that /the watch was gambled for within three years from the time of finding the indictment. The evidence as to this act was therefore properly received.

The judgment must be affirmed.

Miller, J. 'The error brought in this case shows, that the indictment and bill of exceptions made, were first removed to the Supreme Court from the Court of Sessions by writ of

*certiorari*, the case heard upon the return, the conviction affirmed and the proceedings remitted to the Court of Sessions with directions to proceed and render judgment thereon. A writ of error was then brought to the Supreme Court, and the judgment of the Sessions was affirmed, the General Term holding that the proceeding by *certiorari* had deprived the plaintiff in error of the right to a second review on writ of error of any questions, except those arising as to the judgment pronounced, and affirmed the judgment.

It is quite apparent, I think, that the General Term were right in holding, that, after the plaintiff in error had obtained a review of the proceedings upon the trial, by *certiorari*, he could not avail himself of a writ of error to accomplish the same object. The statute authorizes either course to be taken (2 R. S. 735, § 21); but it was not intended that when one had been pursued, the other could be made available for the very same purpose, as was held in the court below, the writ only brought up for review the judgment itself, which had not been pronounced when the *certiorari* was before the court.

It is not pretended, in this case, that there was any error in the judgment, and in substance and form, in the sentence pronounced by the Court of Sessions, in pursuance of the directions of the Supreme Court on the *certiorari*.

As to the *certiorari*, it is insisted that the judgment of the Supreme Court, in reviewing the proceedings of the Court of Sessions upon the indictment and the bill of exceptions which was brought up by this writ, cannot be reviewed by this court, because it was rendered before final judgment in the Court of Sessions.

I am at loss to see how this objection can be obviated. It has been held in several cases, that this court has no jurisdiction to review the proceedings of an inferior tribunal on a writ of error in criminal cases, except where a final judgment has been rendered. (*Hill* v. *The People*, 10 N. Y. 464; *The People* v. *Merrill*, 14 id. 74, 76; *The People* v. *Nestle*, 19 id. 583.) In *Paige* v. *The People*, at the last term of this court, the writ of error was dismissed, upon the ground

that a final judgment had not been rendered. The case arose upon demurrer to an indictment by the defendant, which was overruled at General Term, and a writ of error brought, and the court held that it did not lie.

There is no provision in the statute for removing the proceedings upon a writ of *certiorari* which has been decided by the General Term in this court, and hence they are remitted to the tribunal from whence they were removed, to proceed to judgment.

Upon judgment being pronounced by the Court of Sessions, a writ of error could not be employed to bring up for review the bill of exceptions presented by the *certiorari*, and the very same questions decided by the General Term in reviewing the proceedings thus presented.

The General Term so held, and, hence, no decision was made upon the writ of error, as to the exceptions which had been heard and decided upon the *certiorari*, and the writ of error issued from this court, does not, in my opinion, bring them here for review.

The provisions of the judiciary act (Sess. Laws of 1847, 321, §§ 8, 10) do not confer upon this court any authority to correct or redress, or to examine any errors which do not properly arise in accordance with the accustomed practice, or authorize it to step beyond what is properly presented by the record. The proceedings upon the *certiorari* are not, then, properly before us.

As some of my brethren differ with me upon the question discussed, and are in favor of affirming the judgment, upon the ground, that none of the points made are well taken, it is proper to add, that my examination of the case has led me to the conclusion that there was no error committed upon the trial.

The judgment of the Court of Sessions must be affirmed.

Judgment affirmed.