JUDGE HARDIN
delivered the opinion oe the court.
The appellant was indicted for “suffering gaming in his house and on his premises.” A demurrer to the indictment being overruled, a trial of the case resulted in a verdict finding the defendant guilty, and assessing his fine at two hundred dollars, for which a judgment was rendered against him. The court refused to grant a new trial, and the defendant has appealed to this court.
The indictment, which contains a specific statement of facts as constituting the offense defined in section 10, *327 chapter 42, Revised Statutes, seems to be sufficient; but if it is not, and consequently the court erred in overruling the demurrer, the error is not one for which the judgment can be reversed in this court. (Criminal Code, sec. 349; Marston v. Commonwealth, 18 B. Mon. 485.) And if, as insisted for the appellant, the verdict of the jury was not authorized by the evidence, nevertheless as by section 349, supra, “ an error in granting or refusing a new trial is not a sufficient cause for reversing a judgment.” In a case like this the sufficiency of the evidence to prove the charge contained in the indictment can not,be inquired into on this appeal, except as a means of determining the correctness of the ruling of the court in giving or refusing instructions. (Murphy v. Commonwealth, 1 Met. 365.)
The evidence conduced to prove that the defendant kept a tavern and bar for the sale of liquors, at which parties drinking ■ at the bar were permitted by him to determine by “throwing dice” which of them should pay for the liquors sold them; and the persons thus losing paid for the liquors which were drunk.
At the instance of the commonwealth the court instructed the jury, in substance, that “throwing dice to determine who should pay for whisky or treats” was gaming within the meaning of the statute; and this is complained of for the appellant as error to his prejudice.
The statute declares that “-whoever shall suffer any game whatever at which money or property is won or lost to be played in a house, boat, or float, or on premises under his control, shall be fined from two hundred to five hundred dollars for each offense.”
As this court held in the case of Marston v. The Commonwealth, supra, “the obvious intent of the provision was to suppress a pernicious and ruinous vice by prohibiting gambling-houses of any description, whether upon *328 a large or small scale.” And we are of the opinion that the instruction stated was properly predicated on the evidence in this case.
A further objection is taken to the several instructions given that they do not present the question whether the tavern-house was in the occupancy or under the control of the defendant; but as there is no contrariety of evidence on that subject, the instructions as given could not have misled the jury.
We perceive no error in the explanatory instruction given after the argument was commenced; nor does it seem/to have been improper to give an additional instruction at that time.
As the instructions asked by the defendant are not copied in the record, being lost as stated by the clerk, it must be presumed that the ruling of the court in relation to them was right.
Wherefore the judgment is affirmed.