## STATE V. WADE.

1. GAMING : *Betting cigars.*
   Parties who play at cards under an agreement that the beaten party shall treat the others to cigars are guilty of unlawful gaming under, the statute.

APPEAL from *Bradley* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*C. B. Moore,* Att'y Gen'l, for State.

This is clearly gaming or betting under *Sec.* 1564 *Gantt's Dig.* The 3d instruction clearly erroneous.

*Wm. P. Stephens, contra.*

This is not a case of gaming. Nothing was up ; there was only an understanding that the party first "froze out" should pay for cigars, *to be bought after the game ended,* &c., &c.

Unless, the case being reversed and remanded, another jury would upon the same evidence and correct directions,

State v. Wade.

find defendant guilty, this court will upon the whole record affirm. 17 *Ark.*, 327, concluding paragraph.

SMITH, J.   Wade was indicted for betting one cigar of the value of five cents at pocre.   The evidence showed that within twelve months next before the finding of the indictment he and others engaged in a game of freeze-out pocre.   Each was furnished with a certain number of grains of corn to be used in counting the game.   And it was agreed between the parties that he who should first lose all of his counters should treat the rest of the party to cigars.   The value of the cigars was proved as alleged. At the end of the game, the loser did pay for the cigars. The witness had never heard any of the players say to the others, " I bet you a cigar."

The court gave in charge the substance of *Sec.* 1564, *Gantt's Digest*, upon which the indictment was founded which prohibits the betting of money or other valuable thing on pocre or any other game at cards.   But it refused the following prayers for the State :

" If the jury believe from the evidence that the defendant either won or lost a cigar of value on any game at cards, commonly called pocre, within twelve months previous to the finding of the indictment, they will find him guilty.

" Whether or not the defendant bet a valuable thing on a game of cards called pocre as charged in the indictment, is a fact for the jury to determine from the evidence.

"And in determining this fact it is not necessary for the State to prove by any witness that said witness heard defendant say ' I bet you,' but if all the facts proven show that defendant either won or lost any valuable thing on a game of pocre as charged he is guilty and the jury may so find."

And of its own motion it told the jury that a mere promise to buy and deliver a cigar after the game was played, was not betting money or other valuable thing under the statute, and that a promise is not money or a valuable thing.

Under these instructions the jury brought in a verdict of acquittal. The State moved for a new trial for misdirection, and because the verdict was against the law and the evidence, and reserved exceptions and removed the case to this court.

The statute is leveled at the betting of property as well as of money at cards. And it has not stopped to discriminate between large wagers and small wagers. It regards gambling whether on a large or a small scale, as a pernicious practice, the offspring of idleness and the prolific parent of vice and immorality, demoralizing in its associations and tendencies, detrimental to the best interests of society and encouraging wastefulness, thriftlessness and a belief that a livelihood may be earned by other means than honest industry.

Under a statute of Tennessee, which uses the language " money or other valuable thing," the jury in *Walker v. State*, 2 *Swan*, 287, rendered the following special verdict:

" We find that the defendant, with some six or more other gentlemen, played at a game called ten pins, or handicap. In this game no one played to beat any other gentleman, but each one had assigned to him a certain number of pins to get, with a certain number of balls, some more and some less, according as they were considered good or bad players. If the player did not get the number of pins assigned him, he was to treat to a bottle of champaigne. The defendant did play in this game in Maury County, in less than six months preceding the finding of this presentment, and did sometimes, on fail-

State v. Wade.

ing to get the number of pins allotted to him, treat to a bottle of champaigue, and sometimes he did not. It was agreed by the parties at the commencement of the play-ing, that the treat was a voluntary thing, and no one need to do so unless he was perfectly willing. The jury further find, that the defendant and the other gentlemen engaged in this play, did not believe it to be gaming."

Caruthers, J., in delivering the opinion of the court, said: Was this a case of unlawful gaming? We think it very clear that it was. It was a risk of a bottle of wine upon a hazard, whether he knocked down the num-ber of pins designated or not. It was not a bet with any particular individual, but with the whole company. It would certainly be gaming for two or more persons to determine, by the chance of a game at ten-pins, who should pay the boy for setting up the pins, or who should treat, as much as if the same amount was staked up and won and lost upon the game. All these contrivances are regarded and intended as evasions of the law and cannot be tolerated. The law is founded on a principle which must be sustained. It prohibits any game, or match of hazard and address, by which something can be obtained for nothing."

In *Commonwealth v. Taylor*, 14 *Gray*, 26, Shaw, C. J., speaking for the court said: " All gaming is unlawful by the law of this commonwealth ; and it is gaming to play any game of hazard for money or other article of value. A game of hazard to determine who shall pay for the beer or other liquor to be drunk is strictly playing for money ; it is to determine which party shall pay a sum of money for the other." To the same effect is *Bachelor v. State*, 10 *Texas*, 258.

In *Commonwealth v. Gourdier*, 14 *Gray*, 390, it was held that throwing dice to determine who shall pay for liquor or

for any other article bought, is illegal gaming. The same principle is announced in *McDaniel v. Commonwealth*, 6 *Bush*, 326.

In *State v Maurer*, 7 *Iowa*, 406, the following instruction was adjudged to have been properly refused: "That the playing at cards for drinks of spiritous liquors, before, during, or after the game, the loser to pay for such drinks, is not gambling within the meaning and intent of the statute."

In *State v. Leighton*, 3 *Foster* (*N. H.*), 167, it was ruled that playing at billiards, under a general custom and understanding that the defeated party was to pay for the use of the tables, was a gaming for money.

In *Hichins* v. *People*, 39 *N. Y.*, 454, the keeper of a shop for the sale of beer, cigars, etc., was indicted for suffering gaming on his premises. The proof showed that he allowed his customers to play games for such articles, he furnishing them at the end of the games and charging the loser therefor. His counsel requested the court to charge that playing for beer, cigars, etc., was not gambling within the statute. The court refused and the Court of Appeals declared that the trial court was right in denying the request, saying: "All will agree that gambling for a barrel of beer or box of cigars is within the statute. It follows that gambling for a gallon or less quantity is equally within it. No exception is made by the statute on account of the smallness of the quantity, or the use to which it is applied by the winner.

In this case the jury were misdirected and their verdict was contrary to the law and the evidence. The judgment is accordingly reversed and the cause remanded with directions to put the defendant again upon trial.