Dye, J.
This appeal comes to us as of right from an order of the Appellate Division, Third Department, which reversed, “ on the law alone ”, the Schenectady County Court’s order dismissing a writ of habeas corpus, and sustained the writ.
The relator, Frank Guido, was arraigned in Schenectady Police Court on an information, sworn to by a member of the Schenectady Police Department, charging that he knowingly committed the crime of Common Gambler in violation of section 970 of the Penal Law “ in that he did on the aforesaid date, at *80 about 3:45 P.M. at the premises known as 813 Albany Street, in the City of Schenectady, N. Y., aid and abet in the operation of a gambling establishment known as the ‘ Albany Street Card Shop ? ”. The defendant at all times was represented by counsel of his own choosing.
The case was then set down for a jury trial in the Police Court on June 23, 1958. On that date, the District Attorney moved to amend the information to include ‘ ‘ that on the aforesaid date, at about three forty-five p.m. and for sometime prior thereto, at the premises known as eight thirteen Albany Street in the City of Schenectady, New York, he did aid and abet in the operation of a gambling establishment” (amendment italicized). The motion was granted, over objection, and the trial was adjourned for a month to overcome any element of surprise.
Subsequently, the relator was tried and found guilty, and a sentence of six months in the County Jail and $500 fine was imposed. He later filed a timely notice of appeal. He did not prosecute the appeal, however, and it was dismissed on motion for failure to perfect (Code Grim. Pro., § 751). Five days after the conviction and sentencing, the defendant also applied for and obtained a writ of habeas corpus, claiming that the court lacked jurisdiction to try the case because the information on which it acted failed to state a crime. It is the relator’s contention that the information refers to a single occasion rather than to a continuing course of action, and thus alleges only “casual”, and not “common”, gambling. This is without merit since clearly respondent was not charged with partaking in gambling himself, and that is the only time the distinction between the “casual” and the “common” gambler has any significance (cf. People v. Bright, 203 N. Y. 73). Maintenance of a gambling house is a crime even if it occurs on only one occasion, as is here alleged (Hitchins v. People, 39 N. Y. 454).
The relator further contends that, since Herman Bicken, the person whom the relator allegedly “ aided and abetted ”, was charged with violating sections 973, 974 and 986 of the Penal Law, no person violated section 970, and, hence, the relator could not properly be found guilty of having “ aided and abetted” in violation of section 970. This contention must also fail. By virtue of section 2 of the Penal Law, one who ‘1 aids and abets ’ ’ *81 in the commission of a crime is himself a principal and, under the rule of People v. Kief (126 N. Y. 661), can be prosecuted even if another principal has already been acquitted. A fortiori, the same is true where there has been no prior acquittal.
We turn now to the relator’s principal contention that the information is insufficient because it merely repeats the statutory words in charging that he did ‘ ‘ aid and abet in the operation of a gambling establishment ”, without setting forth the accusation in factual detail.
People v. Zambounis (251 N. Y. 94) and People v. Koffroth (2 N Y 2d 807), cases upon which relator relies, both dealt with obscenity. There we held that the obscene matters were not sufficiently identified, and that the informations stated mere conclusions. But it is commonly understood that, among the different crimes which exist under our laws, the degree of definiteness appropriate to put the defendant on notice may vary according to the necessities inherent in the particular crime charged. This means that in certain instances, such as the one now before us, an allegation that closely follows the words of the statute need not, as a matter of law, be deemed insufficient. The statute may itself be enough detailed in describing the crime that more may be either unnecessary or even impossible. Thus, in the instant case, the information charged that this relator did ‘ ‘ aid and abet in the operation ” of a specific gambling establishment at a specific time. Although the exact means of assistance were not set forth in specific detail, in a setting such as this an information that sets forth the ultimate facts to be proven, as opposed to mere conclusions of law, need not also set forth the underlying evidentiary facts.
Relator has urged that the information fails to set forth a crime, because the casual player, as well as the common gambler, may be said to “ aid and abet in the operation of a gambling establishment”. (Cf. People v. Bright, supra.) But it is not reasonable to assume that one charged with “ aiding and abótting” is accused only of engaging in casual play, especially when that assumption is aimed at inhibiting an information to the extent that the court is deprived of jurisdiction. The two are mutually exclusive. In this view we have no difficulty in holding that the within information states a crime (cf. People v. Yachelson, 307 N. Y. 625).
*82 We note that, if a defendant under such an information is merely a casual player, this fact is always available on the trial as a defense.
The addition of the words 1 ‘ and for sometime prior thereto ’ ’, by way of an amendment on motion of the District Attorney, did not prejudice this defendant. The amendment did not change the nature of the crime charged, but only extended the time within which its commission could be established (Hitchins v. People, supra). If there was any element of prejudice due to surprise, it was sufficiently cured by the one-month adjournment (Code Crim. Pro., § 293; People v. Geyer, 196 N. Y. 364).
For these reasons the order of the Schenectady County Court disallowing and dismissing the writ of habeas corpus was properly made, since the information was sufficient to give the Police Court Justice of Schenectady jurisdiction of the defendant.
The order of the Appellate Division should be reversed and that of the County Court, dismissing the writ of habeas corpus, should be reinstated.
Chief Judge Desmond and Judges Fuld, Feoessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc.