**UNITED STATES of America,
Appellee,
v.
Phillip P. TOMASETTA, Defendant,
Appellant.**

**No. 7492.**

United States Court of Appeals,
First Circuit.

July 20, 1970.

Robert V. Mulkern, Worcester, Mass., with whom Fusaro & Fusaro, Worcester, Mass., was on brief, for appellant.

Edward F. Harrington, Special Atty., Dept. of Justice, with whom Will Wilson, Asst. Atty. Gen., Criminal Division,

and Walter T. Barnes, Special Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant appeals from his conviction in the district of Massachusetts for violation of the loan sharking provisions of the Consumer Credit Protection Act of 1968—specifically, participation in the collection of extensions of credit by extortionate means. 18 U.S.C. § 894 (Supp. V, 1970). He argues, inter alia, that the indictment [1] lacks the specificity required by Fed.R.Crim.P. 7(c) and that the statute is unconstitutional. We deal first with the question of the sufficiency of the indictment.

Defendant contends that the indictment is defective because it fails to name the victim of the alleged extortionate collection, to locate the offense with specificity, to describe in sufficient detail the extortionate means charged, and to allege federal jurisdiction. Since we hold that the failure to name the victim, under the circumstances, was fatal, we do not reach defendant's other contentions.

 A vital function of an indictment is to provide "such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation * * *." [2] This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused "to be informed of the nature and cause of the accusation * * *" and is basic to the proper functioning of our adversary system of justice. Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him.

 In applying these criteria to the case at bar we think it essential to bear two things in mind. First, what is a fair description of a crime for purposes of permitting an adequate defense necessarily varies with the nature of the offense and the peculiarities of defending against the kind of charge involved. People ex rel. Guido v. Calkins, 9 N.Y.2d 77, 211 N.Y.S.2d 166, 172 N.E.2d 549 (1961). Second, arbitrary rules as to the necessity, in the abstract, of a given averment have no place in the analysis, as the question is whether the indictment as a whole conveys sufficient information to properly identify the conduct relied upon by the grand jury in preferring the charge.

With the foregoing in mind, we have concluded that the indictment is deficient. The defendant is accused of making threats by an unstated means to an unnamed person on a particular day in a city of moderate size. He is presumed to be innocent of the charge. Consider, then, the course a defense in such a case might take given adequate information.

1. The relevant portion of the one count indictment is as follows: "That on or about June 10, 1969, at Worcester, in the District of Massachusetts. PHILLIP P. TOMASETTA, of Shrewsbury, in said District, did unlawfully, wilfully and knowingly participate in the use of extortionate means as defined in Title 18, United States Code, Section 891(7), namely, an express and implicit threat of use of violence to cause harm to the person of certain persons, to collect and attempt to collect extensions of credit; in violation of Title 18, United States Code, Section 894."

2. 4 Wharton's Criminal Law and Procedure § 1760, at 553 (R. Anderson ed. 1957); accord, Russell v. United States, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1932); Wong Tai v. United States, 273 U.S. 77, 80–81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); Burton v. United States, 202 U.S. 344, 372, 26 S.Ct. 688, 50 L.Ed. 1057 (1906); United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819 (1878); United States v. Cruikshank, 92 U.S. 542, 557–558, 23 L.Ed. 588 (1875); Flying Eagle Publications, Inc. v. United States, 273 F.2d 799, 802 (1st Cir. 1960); cf. Dario Sanchez v. United States, 341 F.2d 379, 380 (1st Cir.), cert. denied, 381 U.S. 940, 85 S.Ct. 1775, 14 L.Ed.2d 704 (1965).

A defendant might seek to show that at the time in question he was not at the scene of the crime, in short, to establish an alibi. But unless the defendant can demonstrate that he was not in the city of Worcester during the entire day in question this is impossible, as the precise time and place are not specified.

Another course open in a case such as this would be to demonstrate that the conduct which allegedly amounted to the communication of threats never took place, that a communication did take place but conveyed no threat, or that the meaning of an ambiguous communication has been misconstrued by the grand jury. This would ordinarily be done by seeking the writing at issue or witnesses to the conversation or incident in question. Moreover, as the crime is essentially a speaking offense it would be critical for a defendant to fix in his mind the substance of any conversation in issue as soon as possible. However, where the location, time, and object of the communication are specified only in the most general terms or not at all, we cannot see how this manner of defense could be undertaken. In sum, this defendant could not possibly have made an adequate preparation for trial on the basis of the information contained in this indictment.

■ A different approach to the problem yields the same result. The federal system views the grand jury as an important element of the criminal process. It, and it alone, is competent to charge an accused with a crime of this nature, as is most vividly illustrated by the rule barring substantive amendments to indictments without resubmission to the grand jury and the fact that a defective indictment is not cured by a bill of particulars. Russell v. United States, *supra* n. 2, 369 U.S. at 770–771, 82 S.Ct. 1038. On an indictment as vague as that at bar, it is possible, how-ever unlikely, for a prosecutor to obtain a conviction based wholly on evidence of an incident completely divorced from that upon which the grand jury based its indictment. The prosecution may not have the power "to roam at large" in this fashion. Russell v. United States, *supra* n. 2, at 768–771, 82 S.Ct. 1038; United States v. Agone, 302 F. Supp. 1258, 1261 (S.D.N.Y.1969).

The government's argument for withholding the name of the victim in this case is sophistical. At one point it claims that secrecy was necessary to ensure the safety of the victim. Whatever the bearing of the argument in an appropriate case,[3] it is of no force here, for the government later claimed that the defendant was not prejudiced because he knew the identity of the government's witness from the outset. The government may not have it both ways. Moreover, it is significant that, to our knowledge, no other indictment under this section has omitted the victim's name.[4]

■ In reaching this conclusion we stress that no one factor is determinative. The failure to specify the means by which the alleged threats were communicated need not, of itself, be fatal. United States v. Agone, *supra* n. 3, at 1259–1260. The failure to specify with greater precision the location of the alleged offense would surely not have given rise to this result were sufficient additional facts averred. *See* United States v. Bujese, 371 F.2d 120, 124 (3d Cir. 1967); Flores v. United States, 338 F.2d 966, 967 (10th Cir. 1964); 1 C. Wright, Federal Practice and Procedure: Criminal § 125, at 245 (1969); 4 Wharton's *supra* n. 2, § 1777. And even the failure to name the victim, as serious a handicap to the defense as that on occasion may be, might not alone have led to this result.[5] These factors, how-

---

3. *See* United States v. Agone, 302 F.Supp. 1258, 1261–1262 (S.D.N.Y.1969).

4. *See* United States v. Biancofiori, 422 F. 2d 584 (7th Cir.), cert. denied, 398 U.S. 942, 90 S.Ct. 1857, 26 L.Ed.2d 277 (1970); United States v. Calegro de Lutro, 309 F.Supp. 462 (S.D.N.Y.1970); United States v. Antonelli, Ind.No. 7638 (D.R.I.1970).

5. A most perceptive discussion of the need for the identity of the victim in a similar

ever, when taken together, made it unfair to require the defendant to answer this charge.

A final word should be said about the facially analogous situation arising in cases of transfers of narcotics without a written order in violation of 26 U.S.C. § 4705(a) (1964), where the name of the buyer is not alleged in the indictment. Our holding in Dario Sanchez v. United States, *supra* n. 2, that such an indictment is not invalid is in accord with every circuit which has considered the question, Lauer v. United States, 320 F. 2d 187 (7th Cir. 1963), having been overruled by Collins v. Markley, 346 F. 2d 230 (7th Cir.), cert. denied, 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965). The similarity lies in the fact that neither Sanchez nor Tomasetta was told the identity of the other person involved in the indictable event. But while Tomasetta was told only that he had threatened violence to "the person of certain persons" on a given day, Sanchez was told that he had made a sale of a specified quantity of a named narcotic on a given day. The differences are significant. Not only is the alleged quantity likely to be an identifying circumstance for what could be one of several transactions,[6] but the allegation of a sale transaction is to be contrasted in its concreteness of reference to unspecified words, looks, and gestures, choate or inchoate, which could have been interpreted by anyone within sound or sight of Tomasetta as threats of violence. Such differences are enough to place the present indictment beyond the pale. Accordingly, we hold that the district court erred in denying the defendant's motion to dismiss the indictment.

In fairness to the parties, we feel that in dismissing the indictment, which presumably will lead to the government's seeking a new one, we should make reference to the fact that the court is not presently of one mind on the question whether, had the indictment been sufficient, we would nevertheless have been obliged to sustain the defendant's motion for acquittal. The constitutionality of the statute is a subject of serious controversy.[7] By failing to limit itself to transactions involving exorbitant interest charges, thereby probably justifying an assumption that the transaction involves organized crime and consequently affects interstate commerce, it reaches conduct which has no apparent effect on interstate commerce. On the other hand if it should be decided that the statute is unconstitutional only in that it is overbroad, it is debatable whether a defendant who allegedly charged an exorbitant interest rate has standing to complain.[8] Since we are not in accord, we see no present need to resolve these difficult questions.

Reversed and remanded with instructions to dismiss the indictment.

---

species of case appears in United States v. Agone, *supra* n. 3, 302 F.Supp. at 1260–1261.

6. It is true that quantities, dollars, and even dates, have been disregarded as immaterial variances, but the true test of a permissible variance should be whether the defendant has been misled. Berger v. United States, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L.Ed. 1314 (1935). A material change of the quantity of heroin proved in *Sanchez* might have constituted a prejudicial variance just because the allegation had served as an identifying factor.

7. *Compare* United States v. Perez, 426 F.2d 1073 (2d Cir. 1970) (Hays, J., dissenting); Nat'l Comm'n on Reform of Fed.Crim.Laws, Fed.Crim.Code § 1759, comment (study draft 1970); *with* United States v. Perez, *supra*; United States v. Biancofiori, *supra* n. 4; United States v. Curcio, 310 F.Supp. 351 (D.Conn. 1970); United States v. Calegro de Lutro, *supra* n. 4.

8. *Compare* United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1962); Yazoo and Mississippi Valley R. R. v. Jackson Vinegar Co., 226 U.S. 217, 33 S.Ct. 40, 57 L.Ed. 193 (1912); Reddy v. United States, 403 F.2d 26 (1st Cir. 1968, cert. denied, 393 U.S. 1085, 89 S.Ct. 871, 21 L.Ed.2d 778 (1969); *with* United States v. Raines, *supra*, at 22–24, 80 S.Ct. 519; United States v. Reese, 92 U.S. 214, 219–220, 23 L.Ed. 563 (1875); Sedler, Standing to Assert Constitutional Jus Tertii in the Supreme Court, 71 Yale L.J. 599, 607–08 (1962).