**UNITED STATES of America**

**v.**

**Vincent RIZZO et al., Defendants.**

**No. 72 Cr. 1332.**

United States District Court,
S. D. New York.

Oct. 4, 1973.

William I. Aronwald, Jerome L. Merin, Special Attys., Dept. of Justice; Paul J. Curran, U. S. Atty., S.D.N.Y., for the United States.

Gilbert Epstein, New York City, for defendant Vincent Rizzo.

Jacob P. Lefkowitz, New York City, for defendant Isadore Marion.

Joseph Hallinan, New York City, for defendant William Robertazzi.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

Defendants Vincent Rizzo, Isadore Marion and William Robertazzi are charged in a two count indictment with conspiracy to use extortionate means (as defined in 18 U.S.C. § 891(7) ) [1] to collect a loan in violation of 18 U.S.C. § 894 [2], and with use of an interstate facility with intent to commit a crime of violence in furtherance of an unlawful activity (the extortion scheme) under 18 U.S.C. §§ 2 [3] and 1952.[4]

While the indictment spells out the alleged extortion scheme in considerable detail, it does not state the name of the person against whom the planned extortion was to have been carried out. By motion for a bill of particulars, defendants sought the identity of the prospective victim. The Government responded that the victim's identity was "unknown at this time" and it has stated to the Court that it does not know who the prospective victim was.

■ An indictment is required to contain all the elements of the offense charged and adequately inform the defendant of the charges he must meet. This is basic to the effective working of the adversary system of justice. In addition, the indictment must be specific enough to enable the accused, in a later prosecution for the same or similar offense, to plead the former acquittal or conviction as a double jeopardy defense. The indictment here meets both tests and the motion to dismiss will therefore be denied.

An indictment must not only contain all the elements of the offense charged but must also provide the accused with a sufficient description of the acts he is

1. 18 U.S.C. § 891(7) provides: "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person."

2. 18 U.S.C. § 894 provides, in relevant part: "Whoever knowingly participates in any way, *or conspires to do so*, in the use of any extortionate means (1) to collect or attempt to collect any extension of credit, or (2) to punish any person for the nonrepayment thereof, shall be fined not more than $10,000 or imprisoned not more than 20 years, or both." [Emphasis added]

3. 18 U.S.C. § 2 provides:
"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, or induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

4. 18 U.S.C. § 1952 provides, in relevant part:
"(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to— . . . (2) commit any crime of violence to further any unlawful activity; . . . and thereafter performs or attempts to perform any of the acts specified . . . shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

"(b) As used in this section 'unlawful activity' means . . . (2) extortion . . . in violation of the laws of the State in which committed or of the United States."

alleged to have committed to enable him to defend himself adequately. Russell v. United States, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Debrow, 346 U.S. 374, 378, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861 (1931); Armour Packing v. United States, 209 U.S. 56, 83, 28 S.Ct. 428, 52 L.Ed. 681 (1908). *See also,* F.R.Crim.P., Rule 7(c). This requirement derives directly from the guarantees of the Sixth Amendment. *See* Bartell v. United States, 227 U.S. 427, 431, 33 S.Ct. 383, 57 L.Ed. 583 (1913).

Moreover, the defendant must be assured that he is defending against charges, the essential elements of which were determined by the grand jury itself and such elements must therefore be alleged in the indictment. Otherwise, there is danger that the prosecution could fill in essential elements of the alleged unlawful conduct as the proceedings went along which were not before the grand jury and were not passed upon by it. Russell v. United States, *supra,* at 766, 82 S.Ct. at 1083, and cases there cited.

The present indictment is not deficient in any of these respects because the prospective victim of the alleged extortion scheme is not named.

■ ■ Here a conspiracy to extort under 18 U.S.C. § 894 is charged and not the substantive crime of extortion under that section. A conviction may be had for conspiracy to extort whether or not the scheme has been carried out or extortion has actually occurred. Thus, the

crime of conspiracy to extort can be committed whether or not extortionate means were ever used on a prospective victim.[5] The essence of the offense is that the conspirators entered into a scheme or plan to extort and committed an overt act in furtherance of that scheme or plan. *See* Williamson v. United States, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278 (1908). The name of the prospective victim against whom the planned extortion was to be carried out is not an essential element of the offense.[6]

■ The indictment here adequately informs defendants of the charges that they must meet. The First Count spells out an unlawful agreement between the defendants to use extortionate means, including threats of violence, to collect a loan of $25,000 by defendant Rizzo to a person whose name was unknown to the grand jury. The means to be used were payment of $5,000 by one conspirator to another to collect the debt, communication by one of the defendants with the debtor for purposes of collection, location of the debtor by another defendant and the use of physical violence on the debtor in order to effect the collection. Specific overt acts in furtherance of the conspiracy consisting of various telephone calls on specific dates are alleged, and the places where the overt acts are alleged to have occurred are specified in the bill of particulars.

The Second Count alleges the use of the telephone to further the conspiracy alleged in the First Count, and the subsequent performance or attempted performance of acts to carry out that conspiracy.

---

5. The *use* of extortionate means is not required to get a conviction when the conspiracy side of 18 U.S.C. § 894 is charged. As in United States v. Smith, 464 F.2d 1129 (2d Cir. 1972), cert. den., 409 U.S. 1023, 93 S.Ct. 684, 34 L.Ed.2d 664 (1973), "The distinction between the use of extortionate means (the completed crime) and the conscious planning and conniving in partnership to employ such means (the inchoate crime of conspiracy) is basic." *Smith,* 464 F.2d at 1134.

6. *Compare* Llamas v. United States, 226 F. Supp. 351 (E.D.N.Y.1963), aff'd., 327 F.2d 657 (2d Cir. 1964), where the identity of the purchaser of illegal narcotics was not named in an indictment against the seller. The Court there held that defendant was adequately apprised of the charge and that the identity of the purchaser was not an element of the offense. The First Circuit has come to the same conclusion. Dario Sanchez v. United States, 341 F.2d 379 (1st Cir. 1965)

The allegations of the indictment are quite definite and explicit enough to apprise the defendants of the charges they are required to meet and to give them adequate opportunity to do so.

Moreover, there is no doubt as to what was in the minds of the grand jury as to essential elements of the specific offenses charged and there is no danger that the prosecutor could fill in any essential elements of the crimes charged as the case went along which were not before the grand jury. In short, the name or further identification of the prospective victim is not necessary for the preparation of an adequate defense or to assure that the essential elements of the offense were properly determined by the grand jury.

In United States v. Agone, 302 F. Supp. 1258 (S.D.N.Y.1969), Judge Frankel held that the failure to name the individual allegedly subject to violence under 29 U.S.C. § 530 was fatal to the indictment. The Agone case, relied on heavily by the defendants, is distinguishable from the case at bar. There a substantive offense which involved assaults against union members was charged, and not a conspiracy. The nature of the offense thus required the existence of a victim in order for a crime to have been committed. In addition, the special nature of the statute at issue made the naming of the victim even more compelling.[7] None of those three factors are present in this indictment under 18 U.S.C. § 894. In Agone, the prosecution was left free to "roam at large" and "fill in this vital missing element" of the crime. Agone at 1261. In the case at bar no such vital element has been omitted from the indictment.[8]

United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970) is also relied upon by defendants. Tomasetta involved the substantive offense of extortion under 18 U.S.C. § 894 and not a conspiracy under that section as charged in the case at bar. In the Tomasetta case the indictment accused defendants of "making threats by an unstated means to an unnamed person on a particular day in a city of moderate size." Id. at 979. The First Circuit held that with this combination of omissions the defendant could not possibly have made an adequate preparation for trial on the basis of the information contained in the indictment. It therefore dismissed the indictment. The Court stressed, however, that no one of the factors was determinative and that the mere failure to name a victim, even where a substantive scheme of extortion was charged, "might not alone have led to this result." Id. at 980.

The distinctions between the Tomasetta indictment and that in the case at bar, both in terms of a substantive charge as distinguished from the conspiracy charge here and of the amount of detail supplied in the respective indictments, are quite clear. Tomasetta is not apposite here.

■ Finally, it does not appear that the indictment presents any double jeopardy problem. See Russell v. United States, 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71

---

7. "The section defining the offense, 29 U.S. C. § 530, is not a general proscription of assaults, but a particularized protection for (1) union members against (2) violence or threats designed specifically to (3) restrain, coerce or intimidate the member as a means of impeding his exercise of specific rights. The alleged victim—from whose identity, his status, his activities, and relationship to the defendant become known or discoverable—is inescapably co-starred with the defendant." Agone at 1260.

8. As in United States v. Annoreno, 460 F.2d 1303 (7th Cir. 1972), cert. den., 409 U.S.

852, 93 S.Ct. 64, 34 L.Ed.2d 95 (1973), the fact that a conspiracy was charged and not a substantive offense is crucial. In Annoreno, a prosecution for conspiracy under 18 U.S.C. § 892, defendants were not informed of the persons to whom the extortionate loans were allegedly made. The Seventh Circuit concluded that such information was not "essential" to the defense since "the essence of this indictment was the intent to create an atmosphere of intimidation and fear with respect to the loans made, not the actual accomplishment of that intent in particular instances." Annoreno, 460 F.2d at 1310.

L.Ed. 545 (1927). The indictment is not so vague and indefinite as to prevent or hinder the accused in setting up an acquittal or conviction in this case as a bar to a second prosecution for the same or similar offense on double jeopardy grounds. The indictment here narrows down the conspiracy charge as to object, purpose, means used, overt acts and times and places with sufficient certainty to enable defendants to assert the double jeopardy defense to any subsequent prosecution for the same offense, though the prospective victim is not identified by name.

The motions to dismiss the indictment are in all respects denied.

It is so ordered.