577 F.2d 465
 UNITED STATES of America, Appellee,
v.
Robert James GAY, Appellant.
 No. 77-1937.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 12, 1978.
Decided June 20, 1978.
 
 Wayne F. Gilbert (on brief), Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, S. D., argued, for appellant.
 David V. Vrooman, U. S. Atty., Sioux Falls, S. D., argued and on brief, for appellee.
 Before BRIGHT, Circuit Judge, INGRAHAM,* Senior Circuit Judge, and STEPHENSON, Circuit Judge.
 STEPHENSON, Circuit Judge.
 
 
 1
 Robert James Gay, an Indian, appeals his jury conviction on one count of assault with a dangerous weapon within Indian country, in violation of 18 U.S.C. §§ 1153 and 113(c).[1] Appellant Gay's sole contention is that the indictment is fatally defective because it charges an assault against "campers" but does not give the campers' names. We affirm.
 
 
 2
 At trial, the evidence tended to show that on July 17, 1977, appellant Gay and two companions, Tom Poor Bear and Peter Red Willow, had gone to a baseball tournament and later driven to Interior, South Dakota, where they consumed some beer. At about 10:00 p. m. that evening the three of them left Interior on Highway 44 and traveled in the general direction of a Kampground of America (KOA) campground. They were all in Gay's pickup truck and appellant was driving. As they came to the campground, the truck slowed or stopped. After saying he was going to shoot some campers, Tom Poor Bear took his shotgun and fired three or four shots toward the campground. The truck then sped away.
 
 
 3
 There were approximately 120 or 130 units parked at the KOA site that evening. A number of persons who were camping at the KOA site testified that shots had hit their trailers and had come very close to striking them. One camper identified appellant's truck as the truck from which the shots had been fired.
 
 
 4
 Appellant Gay's sole contention on this appeal is that the indictment is fatally defective because it charges an assault against "campers" but does not give the campers' names.
 
 
 5
 The relevant portion of the indictment reads as follows:
 
 
 6
 On or about the 17th day of July, 1977, Robert Gay, an Indian, near Wanblee, in Indian country, within the Pine Ridge Indian Reservation, a reservation under the jurisdiction of the United States, in the District of South Dakota, without just cause or excuse, did willfully, knowingly and unlawfully assault campers, with a dangerous weapon, that is, a gun, with intent to do bodily harm to the said campers, in violation of 18 U.S.C. § 1153 and § 113(c). (Emphasis added.)
 
 
 7
 The standard for judging the sufficiency of an indictment is well established. "(A)n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). See also United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932).
 
 
 8
 Appellant Gay claims that the second element of this standard was not met by the instant indictment because the use of the term "campers" rather than the names of the individuals does not protect him from subsequent prosecution for an offense arising out of the same occurrence.[2]
 
 
 9
 The parties' briefs do not cite, and our research has not disclosed, any cases which are controlling in this case, nor any cases presenting an analogous problem. The cases cited in the briefs involve instances where the indictment failed to identify, by name or otherwise, individuals who were the victims of the alleged offense. In the instant case, the victims are identified as a collective body, not by individual names.
 
 
 10
 We are persuaded that, if anything, the phrasing of the indictment in this case affords appellant greater protection against subsequent prosecutions than would an indictment which merely named some of the campers. In the instant case where the victims are defined as an identifiable group or class, it would appear that a conviction for assaulting the group or class would necessarily mean that all members of that group or class would have been assaulted. A subsequent prosecution for assaulting any member of that group or class would appear to be barred by the conviction. Accordingly, we reject appellant's argument.
 
 
 11
 Affirmed.
 
 
 
 *
 The Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, presiding, imposed a two-year sentence, the execution of which was suspended. Appellant was placed on two years supervised probation
 
 
 [2]
 Appellant's brief indirectly challenges the indictment's sufficiency in terms of fair warning to him, but the specificity of the indictment in relation to time, place, and matter would render such a claim without merit. Cf. United States v. Tomasetta, 429 F.2d 978, 980-81 (1st Cir. 1970). Furthermore, all four individuals named in the initial complaint testified at trial. Additionally, government disclosures to the appellant during and subsequent to the preliminary hearing, including every item in the United States Attorney's file, amply demonstrate that appellant was well informed prior to trial as to the identity of the campers involved