**UNITED STATES of America,**

v.

**Walter S. JOSTEN, William Wolfe, Edward P. Weitman, John M. Turino, Michael G. Josten, James Eglitis, David Hardy, and Jack R. Bothe.**

**No. 88 CR 644.**

United States District Court, N.D. Illinois, E.D.

Jan. 23, 1989.

---

842

## MEMORANDUM ORDER

PRENTICE H. MARSHALL, District Judge.

On July 26, 1988 the Grand Jury charged the above named defendants with violations of the mail fraud and wire fraud statutes, 18 U.S.C. §§ 1341, 1343 (1982), and with unlawful transportation of property obtained by fraud, 18 U.S.C. § 2314 (1982). Before us now is defendant Walter S. Josten's motion to dismiss the indictment for failure to adequately state the charges against him.

The indictment alleges that the defendants, as employees and owners of Whitehall Investors International, Inc., devised and participated in a scheme to defraud approximately 120 customers of Whitehall. In describing the alleged scheme, the indictment charges that between April and November of 1984 defendants (1) invested in unauthorized commodities, (2) continued investments of customer funds after specific instructions from the customers to close their accounts, (3) traded contrary to express instructions from customers, (4) obtained and retained customer funds by false representations concerning the history and organization of Whitehall, the nature of the investments to be made, the commissions to be charged, the amount of trading to be conducted, and the degree of risk involved, and (5) churned customer accounts. These actions allegedly generated $1.2 million for Whitehall and $500,000 for the individual defendants.

The indictment defines "churning" as "the buying and selling of futures contracts by a futures commission merchant to generate commissions for the futures commission merchant without regard for the best interests of the customers." Beyond this and the description outlined above, however, the indictment offers no further specifics of the alleged scheme. It does not, for example, set forth the representa-

tions alleged to be false, nor does it give the details of the allegedly improper investments.

Defendant argues that the indictment fails to state the essential facts supporting the allegations of false representations and churning, and therefore must be dismissed for failure to provide him with adequate notice of the charges against him. Additionally, defendant argues dismissal is appropriate because the government may not prosecute these acts under the mail and wire fraud statutes. We will consider defendant's arguments in reverse order.

### I

■ Defendant first argues that the acts alleged here must be prosecuted under the specific provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1–24 (1982) ("CEA"), rather than the more general mail and wire fraud statutes asserted by the government.

The CEA specifically prohibits fraudulent conduct in connection with commodities trading. 7 U.S.C. § 6b(1)(A), 6o (1982). In *United States v. Brien*, 617 F.2d 299, 309–10 (1st Cir.1980) *cert. denied*, 446 U.S. 919, 100 S.Ct. 1854, 64 L.Ed.2d 273 (1980), however, the court held that the CEA and the mail and wire fraud statutes do not conflict and therefore the government may elect to proceed under either. The seventh circuit has noted its approval of this result. *United States v. Dial*, 757 F.2d 163, 167 (7th Cir.1985) *cert. denied*, 474 U.S. 838, 106 S.Ct. 116, 88 L.Ed.2d 95 (1985).

Defendant asks us to reconsider this result in light of *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), a Supreme Court case decided subsequent to *Brien* (although prior to *Dial*). In *Busic* the Court held that a general sentence enhancement statute cannot be applied where the predicate felony statute contains its own enhancement provision. 446 U.S. at 404–10, 100 S.Ct. at 1751–55. The Court based its result in part on a rule of construction stating that "a more specific statute will be given precedence over a more general one, regardless of their temporal sequence." 446 U.S. at 406, 100 S.Ct.

at 1752 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489–90, 93 S.Ct. 1827, 1836–37, 36 L.Ed.2d 439 (1973)). Defendant concludes from this that *Brien* is no longer valid authority, and because *Dial*'s pronouncement on this point was dictum and based on *Brien,* it should be disregarded as well.

Defendant's argument is contrary to the clear weight of authority. The principle set forth in *Brien*—that the government may prosecute under either of two overlapping statutes despite the later statute's greater specificity—has been upheld repeatedly in decisions subsequent to *Busic, see United States v. Fern,* 696 F.2d 1269, 1273–74 (11th Cir.1983) (court upheld conviction under 18 U.S.C. § 1001 despite more specific prohibition in 26 U.S.C. § 7207); *United States v. Mackie,* 681 F.2d 1121, 1122 (9th Cir.1982) (court upheld conviction under 16 U.S.C. §§ 703, 707(b) despite more specific prohibition in 16 U.S.C. § 668(a)); *United States v. Anderez,* 661 F.2d 404, 407 (5th Cir.1981) (court upheld conviction under 18 U.S.C. § 1001 despite more specific prohibition in 31 U.S.C. §§ 1101, 1058), and several decisions have specifically rejected the assertion that *Busic* requires a different result, *see United States v. Jackson,* 805 F.2d 457, 461 n. 4 (2nd Cir.1986) *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987); *United States v. Schaffner,* 715 F.2d 1099, 1102 (6th Cir. 1983); *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1187 (4th Cir. 1982) *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The seventh circuit decisions cited by defendant merely recognized the rule of construction set forth in *Busic;* none considered its application to the issue presented here. *See, e.g., Mosley v. Moran,* 798 F.2d 182, 185–86 (7th Cir.1986) (rule applied to resolve an ambiguity as to whether state statute provided for review of the revocation of good time credits). Therefore, we consider *Brien* to still be the controlling authority on this point and accordingly reject defendant's argument that the acts alleged here can only be prosecuted under the specific provisions of the CEA.

■ We also reject defendant's argument that churning harms only intangible rights and therefore, according to *McNally v. United States,* 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), does not constitute a violation of the mail and wire fraud statutes. In *McNally,* the Court held that the mail fraud statute applies only to schemes to deprive others of their money or property; it does not apply to schemes to defraud the electorate of their intangible right to have government affairs conducted honestly. Here, however, the acts described by the indictment as churning result in customers paying commissions that would not have been charged but for the defendants' fraudulent conduct[1]. In other words, the indictment alleges the misappropriation of money, not harm to intangible interests of the type considered in *McNally.*

We therefore conclude that the statutory provisions chosen by the government are applicable and proceed to consider whether the allegations of the indictment are sufficiently detailed.

## II

■ Defendant argues that the indictment fails to state the essential facts supporting the allegations of false representations and churning, and therefore violates Rule 7(c) of the Federal Rules of Criminal Procedure, the fifth amendment right to indictment by grand jury, and the sixth amendment right to be informed of criminal charges.

The basic specificity requirements for criminal indictments are well established. "[I]t is not necessary for the indictment to ... allege in detail the factual proof that will be relied upon to support the charges." *United States v. Williams,* 679 F.2d 504, 508 (5th Cir.1982) (quoting *United States v. Crippen,* 579 F.2d 340, 342 (5th Cir.1978)) *cert. denied,* 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 963 (1983). Nonetheless, the indictment must be sufficiently detailed to adequately apprise the defendant of the

---

**1.** We note that defendant does not contend that churning as defined in the indictment is not fraudulent conduct, but rather only that it does not impinge upon tangible interests.

charges against him so that he can prepare a defense and invoke the double jeopardy clause in any subsequent prosecution for the same offense. *United States v. Hinkle,* 637 F.2d 1154, 1157 (7th Cir.1981). Furthermore, it is well-settled that the adequacy of notice must be determined from the face of the indictment; neither a bill of particulars nor open discovery can cure an overly vague indictment. *See Russell v. United States,* 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962); *United States v. Cecil,* 608 F.2d 1294, 1296 (9th Cir.1979).

The application of this test is more difficult than its statement, however, and courts vary as to what amount of detail is necessary to fulfill these dictates. Our review of the cases in this area leads us to conclude that "adequately apprising the defendant" requires, at a minimum, an indictment that provides some means of pinning down the specific conduct at issue, be it through stating the specific representation alleged to be false, the precise date of the allegedly improper conduct, or the names of those involved in the improper conduct or discussions. For example, specific statements of representations are unnecessary when the recipient of such is identified. *See United States v. Conlon,* 628 F.2d 150, 156 (D.C.Cir.1980). Similarly, indictments that fail to name exact dates are sufficient when the victims and location of the challenged conduct are specified. *See United States v. Horton,* 676 F.2d 1165, 1169 (7th Cir.1982) *cert. denied,* 459 U.S. 1201, 103 S.Ct. 1184, 75 L.Ed.2d 431 (1983). If, however, no particulars at all are stated, there is no way to determine what specific conduct is at issue and the indictment must be dismissed. *See United States v. Cecil,* 608 F.2d 1294, 1297 (9th Cir.1979) (indictment lacking specificity with regard to time, place, and participants of conspiracy held insufficient); *United States v. Tomasetta,* 429 F.2d 978, 979–80 (1st Cir.1970) (indictment lacking specificity with regard to time, location, and means of alleged threats held insufficient).

Here, the indictment does not state the allegedly false representations, nor does it name the victims of the allegedly improper conduct or the accounts to which it pertained, nor does it give any specific dates upon which the challenged activity took place. It may be that none of these omissions would, standing alone, require dismissal. The combination, however, leaves the presumably innocent defendant speculating as to which of the many transactions and representations that took place over the eight month period are the subject of his indictment. The indictment therefore falls short of the threshold requirements outlined above. *See also United States v. Nance,* 533 F.2d 699, 700–02 (D.C.Cir.1976) (indictment for fraud that fails to set forth allegedly false representations is insufficient); *United States v. Curtis,* 506 F.2d 985, 989–92 (10th Cir.1974) (accord).

The indictment is dismissed as to all defendants because it does not adequately allege an offense.