US v. Kamasinski                    CR-96-16-B      11/25/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Criminal No. 96-16-01-B

Theodore Kamasinski

# **O R D E R**

Theodore Kamasinski moves to dismiss a March 6, 1996 indictment charging him with wire fraud because it does not sufficiently inform him of the factual basis for the charge.  I grant Kamasinski's motion and dismiss the indictment.

## **THE INDICTMENT**

Stripped of boilerplate, the indictment charges that Kamasinski and a friend, Carol Rubin,[1] participated in a scheme to defraud "an individual known to the grand jury and referred to as John Doe, and others, also known to the grand jury."  The indictment states that the scheme began on or about February 1990 and continued until at least March 14, 1991.  The indictment

---

[1] The charge against Rubin was later dismissed on the government's motion after Rubin agreed to cooperate against Kamasinski.

1

describes the fraudulent scheme by stating that Kamasinski and Rubin persuaded "John Doe to give up sums of money to Kamasinski and Rubin, falsely representing that said monies were to used [sic] and were being used for legitimate business purposes and legal fees . . . ." Finally, it lists the dates of several telephone conversations and fax transmissions between New Hampshire and Illinois and Massachusetts and Illinois that allegedly occurred during the course of the fraud scheme. The indictment provides no other information concerning the underlying facts.

## DISCUSSION

Generally, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States v. Serino, 835 F.2d 924, 929 (1st Cir. 1987). An indictment may plead the crime in the language of the statute, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117

2

(internal quotation and citation omitted); see also Fed. R. Crim. P. 7(c)(1) (the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged . . ."). "The test for sufficiency, therefore, is not whether, in hindsight, the indictment or information could have been more complete, but rather whether it fairly identifies and describes the offense." United States v. Allard, 864 F.2d 248, 250 (1st Cir. 1989) (citations omitted); see also United States v. Medina-Garcia, 918 F.2d 4, 8 (1st Cir. 1990) (upholding sufficiency of detailed indictment based on practicalities despite arguably incorrect technical word choice).

The indictment in this case alleges each element of wire fraud, but provides little information concerning how the crime was committed. The indictment broadly states that the fraud scheme began on or about February 1990 and continued until at least March 14, 1991. It fails to identify any specific place where the fraud scheme was implemented and instead states only that the crime occurred "in New Hampshire and elsewhere." More importantly, it conceals the identities of the victims and describes the fraud scheme only in generic terms. While no single ommission would require dismissal, the indictment as a whole simply fails to provide Kamasinski with enough information to either respond to the charge or plead double jeopardy if he is

3

later charged with the same offense.  <u>See, e.g.</u>, <u>United States v. Yefsky</u>, 994 F.2d 885, 893 (1st Cir. 1993) (conspiracy to commit mail fraud indictment must describe the mail fraud scheme); <u>United States v. Tomasetta</u>, 429 F.2d 978, 980 (1st Cir. 1970) (indictment's failure to identify the victim, the means by which threats were made, and the location of the alleged offense requires dismissal of extortion charge); <u>United States v. Josten</u>, 704 F. Supp. 841, 844 (N.D. Ill. 1989) (wire fraud indictment dismissed where indictment failed to identify victim, the dates of the offense or the allegedly false representations). Accordingly, the indictment must be dismissed.

<b><u>CONCLUSION</u></b>

Kamasinski's motion to dismiss the March 6, 1996 indictment(document no. 33) is granted.

SO ORDERED

_____
Paul Barbadoro
United States District Judge

November 25, 1996
cc:  Charles Temple, Esq.
     Arnold Huftalen, Esq., AUSA
     United States Marshal
     United States Probation

4